437 A.2d 1166

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Paul Benjamin LaRue FASSETT, Sr., Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 27, 1981.

Decided Dec. 17, 1981.

530

Theodore Simon, Philadelphia, for appellant.

Charles Guthrie, Asst. Dist. Atty., for appellee.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

In the Court of Common Pleas of Berks County, the appellant, Paul Benjamin LaRue Fassett, Sr., was convicted of conspiracy and possession of a controlled substance. An appeal was taken to the Superior Court, which affirmed,[1] and we granted allocatur.

On June 20, 1975, at approximately 11:00 a. m., a bank robbery occurred on Route 10 in Cumru Township, Berks County. Police officers were alerted by a radio dispatch that three or four black males in a light-colored sedan, sought in connection with the crime, may have concealed themselves in the area. The dispatch contained no further description of the vehicle or its occupants. At 8:15 p. m. that same day, a police officer observed a white 1960 Oldsmobile sedan, occupied by two black males, traveling on Route 23 in Morgantown, approximately eight miles from the robbery scene. Although the vehicle was being operated in a lawful manner, the officer, recalling the radio alert, made an investigatory stop. The driver alighted to converse with the officer, and the appellant, who had been riding on the passenger side, removed an open shopping bag from the floor of the automobile and deposited it on the highway adjacent to the passenger door. The officer proceeded to the passenger side to investigate, and observed, in plain view within the bag, a quantity of marijuana. Appellant and the driver were arrested; neither was, however, in fact connected with the bank robbery. A joint trial ensued in which both were convicted of related conspiracy and controlled substance possession offenses.

1. *Commonwealth v. Fassett*, 260 Pa.Super. 323, 394 A.2d 573 (1978).

532

■ Appellant alleges that trial counsel was ineffective [2] for failing to move for suppression of the physical evidence, to-wit marijuana, on the ground that it was obtained through an investigatory stop that violated Fourth Amendment rights. We agree.[3] In *Commonwealth v. Murray*, 460 Pa. 53, 60–61, 331 A.2d 414, 417–418 (1975), this Court set forth the standard of cause required to support the stop of a vehicle:

> Where individuals proceeding in an automobile are forced to interrupt their travel at police direction, such action clearly amounts to a seizure of those individuals and the basis for that stop must meet Fourth Amendment standards. Traditionally, we have held that a seizure is not unreasonable under the Fourth Amendment where probable cause exists at the time of that seizure ... The decisions of the United States Supreme Court and this Court have *defined probable cause as being present where the facts and circumstances within the knowledge of the arresting officer and of which he has reasonably trustworthy information were sufficient to warrant a man of reasonable caution and belief to conclude that the suspect had committed or is committing a crime. . .*

> The United States Supreme Court in [*Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)] and in *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972), has suggested that even in the absence of probable

---

**2.** As a general rule, "the ineffectiveness of prior counsel must be raised as an issue at the earliest stage in the proceedings at which the counsel whose ineffectiveness is being challenged no longer represents the defendant." *Commonwealth v. Hubbard*, 472 Pa. 259, 277, 372 A.2d 687, 695 (1977). Trial counsel did not represent appellant on appeal to the Superior Court, but was associated with the same public defender's office as counsel for that appeal. The latter's failure to assert the ineffectiveness of the former did not, however, effect a waiver of the ineffectiveness claim, since the instant appeal is the first stage at which representation has been provided by a non-associate of trial counsel. *Commonwealth v. Via*, 455 Pa. 373, 316 A.2d 895 (1974).

**3.** Multiple ineffectiveness of counsel claims have been raised in the present appeal. Due to our disposition of the first such claim, however, the others need not be addressed.

cause there may be, under certain circumstances, justification for a limited intrusion upon the privacy of an individual. . . However, these decisions have made it clear that to justify the intrusion the police officer must be able to point to *specific and articulable facts which taken together with rational inferences from those facts reasonably warranted the intrusion* . . . Thus, it is also clear that *an investigative stop of a moving vehicle to be valid must be based upon objective facts creating a reasonable suspicion that the detained motorist is presently involved in criminal activity.*

(Emphasis added.) *See Delaware v. Prouse,* 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660, 673 (1979); *U. S. v. Brignoni-Ponce,* 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975).

■ Evaluated by the foregoing standard, the factual background on the instant case provides no basis upon which to conclude that the requirement of probable cause was satisfied. Nor were specific and articulable facts present, such as would create a reasonable suspicion of criminal involvement, to warrant an investigatory stop. Indeed, as the Commonwealth acknowledges, the sole factors motivating the stop in question were the light color of the vehicle and the race of the appellant and his companion. The arresting officer noted nothing suspicious about the vehicle, its manner of operation, or its occupants. The radio alert issued subsequent to the bank robbery stated that three or four black males were traveling in the automobile being sought, yet appellant's automobile contained only two persons. Furthermore, when appellant was stopped, in excess of nine hours had elapsed since the occurrence of the robbery, and the location of the stop was separated from the crime scene by approximately eight miles. Hence, the stop lacked a close nexus to the criminal incident, and any reasonable suspicion that may have existed with regard to black males in light-colored sedans, proximate, in time and location, to the crime scene certainly abated prior to the occurrence of the instant stop. The police officer acted upon

534

a bare suspicion, as opposed to a reasonable suspicion based on articulable facts, that appellant and his companion were robbery suspects. The radio alert was singularly lacking in the particularity of its description of the robbery suspects and their vehicle. No specific and articulable descriptive facts were provided to the officers, aside from the suspects' race and the lightness of their vehicle's color. The latter factors, however, are so all-encompassing as to render it impossible to reasonably suspect that any given automobile or person was an object of the search.

Counsel's assistance is deemed ineffective if the particular course chosen has no reasonable basis designed to effectuate the client's interest. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). We can conceive of no reasonable basis for trial counsel's failure to move for suppression of the physical evidence, on the ground that it was the fruit of a stop which violated appellant's Fourth Amendment rights.

Order of the Superior Court reversed, and a new trial granted.