Jose LaCourt, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Resondent.

Submitted on briefs January 2, 1985, to Judges Rogers and Williams, Jr. and Senior Judge Kalish, sitting as a panel of three.

*Lee F. Mauger,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

Opinion by Judge Williams, Jr., February 5, 1985:

This is an appeal by Jose LaCourt who petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board), dated February 22,

1984. That order recommits him to prison as a technical and convicted parole violator to serve the entire unexpired term of his Philadelphia County murder sentence. We affirm.

LaCourt was originally sentenced in July 1963 by Judge BLANC of the Court of Common Pleas of Philadelphia County to a term of two and one-half to twenty years following his conviction for Second Degree Murder.[1] That sentence carried an initial maximum term expiration date of March 11, 1983. The Board granted LaCourt parole on this sentence effective September 11, 1966 at which time he was released from the State Correctional Institution at Philadelphia (SCI-Philadelphia). Over the next sixteen years, he was recommitted to prison as a parole violator on four separate occasions.[2] Two of those occasions involved new criminal convictions. LaCourt was last reparoled on this sentence by the Board on October 13, 1982 at which time he was released from the State Correctional Institution at Graterford (SCI-Graterford).

---

[1] Act of June 24, 1939, P.L. 872, as amended, formerly 18 P.S. §4701, repealed by the Act of December 6, 1972, P.L. 1482. A similar provision is now found in Section 2502(b) of the Crimes Code, 18 Pa. C. S. §2502(b).

[2] The record presents the following chronology of LaCourt's parole history up to October 13, 1982.

| | |
|---|---|
| Parole granted | 9/11/66 |
| Recommitted as technical parole violator | 10/28/68 |
| Reparole granted | 9/2/70 |
| Recommitted as technical parole violator | 1/29/71 |
| Reparole granted | 8/16/71 |
| Recommitted as convicted parole violator | 6/12/73 |
| Reparole granted | 7/19/74 |
| Recommitted as convicted parole violator | 8/12/82 |
| Reparole granted | 10/13/82 |

On November 24, 1982, LaCourt was arrested by Philadelphia Police following an incident at Church's Fried Chicken, Seventh Street and Girard Avenue, Philadelphia, and charged with numerous new criminal charges, several of a serious nature.[3] The Board lodged its warrant on November 26, 1982 and he remained confined in the Philadelphia County Prison. He was convicted of the new charges, except Theft, Receiving Stolen Property, and Aggravated Assault, on May 16, 1983. On November 17, 1983, a sentence of thirty to sixty years was imposed by Judge McCrudden.

LaCourt was transferred from Philadelphia County Prison to SCI-Graterford on November 21, 1983. On January 5, 1984, he was afforded a parole Violation/Revocation Hearing before a Board hearing examiner. As the hearing was held at SCI-Graterford, in Montgomery County, LaCourt was represented by an attorney from the Montgomery County Public Defender's Office.[4] As a result of that hearing, on February 22, 1984, the Board ordered him recommitted to prison as a technical parole violator to serve eighteen months on backtime and as a convicted parole violator to serve his entire remaining unexpired term of the original murder sentence—nine years, two months,

---

[3] The criminal complaint alleged that during the evening of November 24, 1982, LaCourt followed a 70 year old woman into the ladies' room of Church's Fried Chicken. There, he robbed the woman of $300 in cash, removed her clothes and attempted to have sexual relations with her. The victim identified LaCourt at the scene at which time he was arrested and charged with Rape (18 Pa. C. S. §3121), Robbery (18 Pa. C. S. §3701), Aggravated Assault (18 Pa. C. S. §2702), Simple Assault (18 Pa. C. S. §2701), Involuntary Deviate Sexual Intercourse (18 Pa. C. S. §3123), Terroristic Threats (18 Pa. C. S. §2706), Theft (18 Pa. C. S. §3921), and Receiving Stolen Property (18 Pa. C. S. §3925)

[4] See Passaro v. Pennsylvania Board of Probation and Parole, 56 Pa. Commonwealth Ct. 32, 424 A.2d 561 (1981).

fourteen days. The Board also extended the maximum term expiration date of his 1963 murder sentence to May 1, 1993.[5] LaCourt filed an administrative appeal with the Board pursuant to 37 Pa. Code §71.5(h) which was denied. He then petitioned this Court for review.

In this appeal, LaCourt challenges the timeliness of his parole hearings, the effectiveness of his hearing counsel, and the Board's exercise of discretion regarding the backtime it imposed. We shall address these issues *seriatim*.[6]

LaCourt's initial contention is that his parole Violation/Revocation Hearing of January 5, 1984 was held beyond 120 days from his Preliminary Hearing, in violation of 37 Pa. Code §71.2(11), and beyond 120 days of his May 16, 1983 convictions, in violation of 37 Pa. Code §71.4(2). As the hearing was untimely as to both the technical parole violations and the new convictions, he contends the Board violated his due process rights entitling him to a dismissal of the parole violations. However, on December 7, 1982, LaCourt waived his Preliminary Hearing on the technical violations and specifically requested that the Board continue his parole Violation and Revocation Hearings until his pending criminal charges were disposed of. In the event of a conviction, he also requested a postponement of his parole hearings until he was sentenced on the new convictions. This request

---

[5] *See* Section 21.1(a) of the Act of August 6, 1941 (Parole Act), P.L. 861, *as amended*, 61 P.S. §331.21a(a).

[6] Our scope of review of a Board recommitment order is limited to a determination of whether necessary findings are supported by substantial evidence, whether the order is in accordance with law, and whether any constitutional rights of the parolee have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Zazo v. Pennsylvania Board of Probation and Parole*, 80 Pa. Commonwealth Ct. 198, 470 A.2d 1135 (1984).

was made in conjunction with his counsel from the Philadelphia Defender Association. Of course, periods of time attributed to continuances requested by a parolee or his counsel are not counted against the Board for purposes of determining the timeliness of a hearing. 37 Pa. Code §71.5(i). LaCourt was sentenced on November 17, 1983. His January 5, 1984 Violation/Revocation Hearing was held only forty-nine days after sentencing, well within the 120 day limit set forth in the Board's regulations.

LaCourt acknowledges that he requested a continuance but argues that it should not be given effect as it was not knowingly or intelligently made. He bases this argument on his claim that his attorney never informed him that the time which elapsed from his request until disposition of the pending criminal charges would not run against the Board for timeliness purposes.[7] This contention is frivolous. There is no requirement that a continuance request meet the strict standards applied to waivers of fundamental constitutional rights. In *Chancey v. Pennsylvania Board of Probation and Parole*, 83 Pa. Commonwealth Ct. 42, 477 A.2d 22 (1984), we held that continuances are a matter of sound trial strategy within the reasonable purview of counsel, and upheld the validity of continuance requests made by a parolee's counsel without the parolee's knowledge or consent. *Id.* at 47, 477 A.2d at 24-25. LaCourt was present at the time his request was made. We agree with the Board that the request was valid and the January 5, 1984 hearing was, therefore, timely.

---

[7] The Board argues that LaCourt waived this issue by failing to argue it before the Board in his administrative appeal. *See* Section 703(a) of the Administrative Agency Law, 2 Pa. C. S. §703(a); *Lantzy v. Pennsylvania Board of Probation and Parole*, 82 Pa. Commonwealth Ct. 629, 477 A.2d 18 (1984). Our review of the record satisfies us that the issue was adequately preserved for our review.

LaCourt's next contention is that the Montgomery County assistant public defender who represented him at his January 5, 1984 parole Violation/Revocation Hearing was ineffective. While he points to no errors or omissions made by counsel which prejudiced his defense, he asserts that the Montgomery County assistant public defender who represented him was not as familiar with his underlying criminal case as was his Philadelphia County public defender and, therefore, unable to prepare and present as complete or as effective a defense as could his Philadelphia attorney. That inability, caused directly by his transfer from Philadelphia County Prison to SCI-Graterford, was prejudicial as a matter of law which, LaCourt contends, renders his Montgomery County attorney's representation per se ineffective and entitles him to a reversal of the Board's recommitment order.

It is well-settled in Pennsylvania law that while an indigent parolee facing revocation of his or her parole is entitled to appointed counsel to represent him before the Board, *Commonwealth ex rel. Rambeau v. Rundle,* 455 Pa. 8, 314 A.2d 842 (1973), an indigent parolee does not have the right to appointed counsel of his or her choice. *Cf. Commonwealth v. Coleman,* 482 Pa. 581, 394 A.2d 474 (1978); *Commonwealth v. Tyler,* 468 Pa. 193, 360 A.2d 617 (1976). A parolee's right to counsel guarantees only that an indigent parolee be provided with counsel who is competent and who represents his best interests in an effective manner. *Cf. Commonwealth v. Fowler,* 271 Pa. Superior Ct. 138, 412 A.2d 614 (1979), *appeal after remand* 275 Pa. Superior Ct. 544, 419 A.2d 34 (1980). This right does not entitle a parolee to the best or most experienced defense counsel available. *Cf. Coleman,* 482 Pa. at 587, 394 A.2d at 477 (notion that a defendant might have been able to procure counsel who had more experience in handling homicide cases did not render

defendant's trial counsel's performance ineffective). We have also held that the county where the parolee is confined, not the county of commitment, is responsible for providing counsel to indigent parolees. *Passaro v. Pennsylvania Board of Probation and Parole,* 56 Pa. Commonwealth Ct. 32, 424 A.2d 561 (1981). While LaCourt was confined in the Philadelphia County Prison, the Defender Association of Philadelphia was responsible for providing him with counsel for the Board's hearings. When he was transferred to SCI-Graterford, that responsibility shifted to the Public Defender's Office of Montgomery County. The implication presented by LaCourt is that the Montgomery County Defender's Office did not have sufficient time in which to prepare an adequate defense. The mere shortness of time in which counsel has to prepare a defense or confer with his client does not per se constitute ineffective assistance of counsel. *Cf. Commonwealth v. Owens,* 454 Pa. 268, 312 A.2d 378 (1973); *Commonwealth v. Woody,* 440 Pa. 569, 271 A.2d 477 (1970). If LaCourt was dissatisfied with the time in which counsel had to prepare his defense, he could have requested a continuance of the January 5, 1984 hearing under 37 Pa. Code §71.5(e)[8] to allow counsel additional preparation time. He did not do so, and we duly note that his hearing was held forty-five days after his transfer to SCI-Graterford. Therefore, we hold that the shift of responsibility for providing counsel to an indigent parolee from one county public defender to another does not per se constitute ineffective assistance of counsel.

Since we have held that LaCourt's Montgomery County attorney was not per se ineffective, LaCourt bears the burden of showing counsel's ineffectiveness so as to entitle him to relief. *Commonwealth v. Shore,*

---

[8] 37 Pa. Code §71.5(e) provides that "reasonable continuances for any hearing may be granted upon cause shown."

487 Pa. 534, 410 A.2d 740 (1980). A claim of ineffective assistance of counsel has two parts, both of which must be shown for a parolee to be entitled to relief. The first is a showing that the parolee's counsel made errors so serious that counsel was not functioning as "counsel" guaranteed under law. The second is that the parolee must show counsel's deficient performance prejudiced his defense. *See Strickland v. Washington,* U.S. , 80 L.Ed. 2d 674 (1984); *Commonwealth v. Dunbar,* 503 Pa. 590, 470 A.2d 74 (1983); *Commonwealth v. Litzenberger,* Pa. Superior Ct. , 482 A.2d 968 (1984). To show prejudice sufficient to satisfy the second requirement, a parolee must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland,* U.S. at , 80 L.Ed. 2d at 698. While a parolee must satisfy *both* parts of the test to be entitled to relief, LaCourt failed to satisfy *either* part. Since he has not shown any errors on the part of counsel, nor shown any prejudice to his defense, his ineffective assistance of counsel claim is clearly without merit and must be rejected.

LaCourt's next contention is that the Board arbitrarily and capriciously abused its discretion when it required him to serve his entire unexpired term in prison as a result of the new parole violations. In *Chapman v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 49, 484 A.2d 413 (1984), we stated that we would not disturb the Board's discretion in imposing backtime for parole violations where there is substantial evidence in the record to support the Board's finding that the parolee violated parole and where the backtime imposed is within the Board's published presumptive ranges. *Id.* at 57, 484 A.2d at 417-418.

There is clearly substantial evidence in the record to support the Board's finding that LaCourt violated

his parole. The record contains copies of docket sheets from the Philadelphia County Common Pleas Court, showing the signature of Judge JAMES D. Mc-CRUDDEN, which establish the direct violation of parole by sustaining new criminal convictions while serving a parole term. *Cf. Commonwealth v. Brown,* 503 Pa. 514, 525 n. 5, 469 A.2d 1371, 1376 n. 5 (1983) (where a probationer is convicted of a new crime, the trial court must find a violation of probation as a matter of law). The convictions for Robbery, Rape, and Simple Assault also establish the technical parole violation of engaging in assaultive behavior. The backtime imposed for the technical violation, eighteen months, is within the published presumptive range for general parole condition 5C. *See* 37 Pa. Code §75.4. The backtime imposed for the new convictions, unexpired term of nine years, two months, fourteen days, is within the published presumptive ranges for the offenses of which LaCourt was convicted. *See* 37 Pa. Code §75.2.[9]

LaCourt also contends that the Board's aggregation of the presumptive ranges for his new convictions constitutes an abuse of discretion where all the new convictions arose out of the same criminal conduct. As a result, his circumstances are distinguishable from those of the parolee in *Corley v. Pennsylvania Board of Probation and Parole,* 83 Pa. Commonwealth

---

[9] 37 Pa. Code §75.2 lists the presumptive ranges for LaCourt's new convictions as follows:

| Offense Categories: | Presumptive Ranges: |
| --- | --- |
| Simple Assault | 9 months to 15 months |
| Terroristic Threats | 6 months to 12 months |
| Rape (Forcible) | 30 months to 48 months |
| Robbery | 24 months to 40 months |
| Involuntary Deviate | |
| Sexual Intercourse | 27 months to 40 months |
| Total Applicable | |
| Presumptive Range: | 96 months to 155 months |

Ct. 529, 478 A.2d 146 (1984), where the multiple convictions stemmed from separate incidents. However, we recently rejected this exact argument in *Perry v. Pennsylvania Board of Probation and Parole,* Pa. Commonwealth Ct. , A.2d (No. 319 C.D. 1984, filed December 31, 1984). In *Perry,* we held that separate convictions, arising out of the same criminal conduct, may properly support separate recommitments within the presumptive ranges. We took specific note that the regulatory provision, found at 37 Pa. Code §75.3(e), which limits the use of the presumptive ranges for technical parole violators to the presumptive range with the highest backtime, is missing from the regulation dealing with the application of presumptive ranges for convicted parole violators. *See* 37 Pa. Code §75.1. Finally, we take due note that the General Assembly granted the Board the discretion to return both technical and convicted parole violators to prison for the *entire remaining balance* of their unexpired terms. Section 21.1 of the Parole Act; *Gundy v. Pennsylvania Board of Probation and Parole,* 82 Pa. Commonwealth Ct. 618, 478 A.2d 139 (1984). The Board, therefore, was clearly within its discretion when it aggregated the presumptive ranges applicable to LaCourt's new convictions. As there is substantial evidence in the record to support the Board's findings and the backtime imposed is within the published presumptive ranges, we will not disturb the Board's discretion.

For the reasons set forth, we must affirm the Board's order.

### Order

And Now, the 5th day of February, 1985, the Order of the Pennsylvania Board of Probation and Parole at Parole No. 9836-F, dated February 22, 1984, is hereby affirmed.