515 A.2d 637

LeVance Vereen, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs August 11, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Lorenzo W. Crowe, Jr.,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, September 26, 1986:

This is a parole revocation appeal wherein LeVance Vereen petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) that denied him administrative relief from a Board parole revocation order. That revocation order revoked his parole and recommitted him to prison as a technical parole violator to serve twelve months on backtime, when available. We vacate and remand.

The following facts are pertinent. Vereen was originally sentenced to a term of one to four years in the Court of Common Pleas of Northampton County as a result of his conviction for Robbery[1] and Conspiracy.[2] That sentence carried an original maximum term expiration date of June 24, 1986.[3] On Janury 4, 1984, the

---

[1] 18 Pa. C. S. §3701.

[2] 18 Pa. C. S. §903.

[3] While the original maximum term of Vereen's sentence has expired, he has since been recommitted by the Board as a convict-

Board granted him parole on that sentence at which time he was released from Northampton County Prison to an in-patient drug abuse treatment program at Eagleville Hospital in Montgomery County. The Board also imposed a special condition of parole which required him to submit to random urinalyses following his release from Eagleville. Upon his successful completion of the drug program at Eagleville, he was released to the street.

On April 10, 1985, Vereen, in compliance with his special condition of parole, supplied Parole Agent Harry Widger with a urine sample. Agent Widger marked the sample and forwarded it to Healtheast Laboratory at the Lehigh Valley Hospital in Allentown. The sample tested positive for cocaine metabolites[4] and on April 24, 1985, the Board arrested him as a parole violator, asserting that he violated condition 5A[5] of his parole which required him to refrain from using dangerous drugs or narcotics or controlled substances without a valid prescription. Following his arrest, he was confined in the Northampton County Prison.

The Board held a parole Violation Hearing before a Board hearing examiner at the Northampton County Prison on July 17, 1985. At that hearing, Agent Widger introduced a copy of the report received from

ed parole violator as a result of his conviction in Lehigh County Common Pleas Court of Retail Theft (18 Pa. C. S. §3929). As a result of that action, the Board, pursuant to Section 21.1(a) of the Act of August 6, 1941, *as amended,* 61 P.S. §331.21a(a), extended the maximum term of Vereen's original sentence to October 14, 1987. The Retail Theft charge stemmed from his arrest on March 14, 1985 in Whitehall, Lehigh County.

[4] A "metabolite" is the substance produced by metabolism or by a metabolic process. Dortland's Illustrated Medical Dictionary 803 (26th Ed. 1981). A cocaine metabolite is, therefore, the substance produced by the body's metabolizing cocaine.

[5] 37 Pa. Code §63.4(5)(i).

Healtheast Laboratory into evidence in support of the charge Vereen violated his parole by using drugs. Neither Vereen nor his counsel objected to the introduction of the laboratory report into evidence and the hearing examiner admitted it into the record. Vereen testified in his own behalf and denied any cocaine use and his counsel cross-examined Agent Widger regarding the conclusiveness of the report and the taking of the sample. On September 3, 1985, the Board issued an order which revoked his parole and recommitted him to prison to serve twelve months on backtime, when available. Vereen, through his defense counsel, filed an administrative appeal pursuant to 37 Pa. Code §71.5(h). The Board denied that appeal on October 18, 1985 and Vereen, *pro se,* petitioned this Court for review.

In this appeal, Vereen raises three major contentions: (1) that his hearing counsel was ineffective for failing to object to the admission of the Healtheast Laboratory report; (2) that the Board's parole revocation order is based solely upon hearsay evidence and cannot be sustained; and (3) that the Board denied him the right to personally appear before a quorum of the Board. We shall discuss these issues *seriatim,* mindful, of course, of our limited scope of review of a Board parole revocation order.[6]

We first address Vereen's claim that his hearing counsel was ineffective. However, before reviewing the merits of that claim, we must first ascertain whether that claim is properly before us. Our review of the rec-

---

[6] Our scope of review of a Board parole revocation order is limited to determining whether necessary findings of the Board are supported by substantial evidence, an error of law committed, or whether any of the parolee's constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Washington v. Pennsylvania Board of Probation and Parole,* 73 Pa. Commonwealth Ct. 432, 458 A.2d 645 (1983).

ord indicates that the ineffectiveness issue was not raised before the Board on administrative appeal. Normally, where a parolee fails to raise an issue before the Board in an administrative appeal, it is considered waived and cannot be raised for the first time on judicial review. Section 703(a) of the Administrative Agency Law, 2 Pa. C. S. §703(a); *Lantzy v. Pennsylvania Board of Probation and Parole,* 82 Pa. Commonwealth Ct. 626, 477 A.2d 18 (1984). There are in this case extenuating circumstances which mandate that we not consider the ineffectiveness of counsel issue waived.

In this case, counsel who filed Vereen's administrative appeal and hearing counsel whose effectiveness is now being challenged are one and the same. We may not impute a waiver of the ineffectiveness issue where hearing counsel and administrative appellate counsel were one and the same. *Cf. Commonwealth v. Zakrzewski,* 485 Pa. 532, 403 A.2d 516 (1979) (issue of defense counsel's ineffectiveness not waived where the issue is not raised on direct appeal where trial counsel and appellate counsel were one and the same); *Commonwealth v. Edney,* 294 Pa. Superior Ct. 67, 439 A.2d 752 (1982). Our Supreme Court has held that counsel cannot be expected to raise the issue of his or her own ineffectiveness. *See Commonwealth v. Ryder,* 488 Pa. 404, 412 A.2d 572 (1980). In criminal cases, the Pennsylvania Supreme Court has held that the issue of ineffectiveness of counsel is properly preserved where it is raised at the earliest stage in the proceedings where counsel whose effectiveness is being challenged no longer represents the defendant. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Smallwood,* 465 Pa. 392, 350 A.2d 822 (1976). While parole revocation proceedings are not criminal prosecutions, the logic of the general rule in *Hubbard* compels us to adopt it in determining whether parolees properly

preserve the issue of the ineffective assistance of counsel. In this case, Vereen raised the issue in his *pro se* petition for review. As that was the first stage in which counsel whose effectiveness is being challenged was no longer representing him, the issue of hearing counsel's ineffectiveness is properly before us.

We shall now address the merits of Vereen's ineffectiveness claim. In *LaCourt v. Pennsylvania Board of Probation and Parole*, 87 Pa. Commonwealth Ct. 384, 488 A.2d 70 (1985), we recognized that a parolee's statutory right to counsel includes the right that counsel's assistance be effective. Parole cases are thus distinguishable from other administrative proceedings where we have declined to extend the right to effective assistance of counsel. *See e.g., Rosenthal v. State Board of Pharmacy*, 73 Pa. Commonwealth Ct. 132, 457 A.2d 243 (1983) (disciplinary hearing before State Board of Pharmacy); *Johnson v. Workmen's Compensation Appeal Board (Bernard S. Pinkus Co.)*, 14 Pa. Commonwealth Ct. 220, 321 A.2d 728 (1974) (proceeding to set aside final receipt in workmen's compensation case). This distinction is due, in part, to the recognized liberty interest, as opposed to a property interest, a parolee has in the limited freedom offered by parole and that the parole revocation process may very well lead to the reincarceration of the parolee. *See Morrissey v. Brewer*, 408 U.S. 471 (1972); *Commonwealth ex rel. Rambeau v. Rundle*, 455 Pa. 8, 314 A.2d 842 (1973). In *Rambeau*, Justice (later Chief Justice) HENRY X. O'BRIEN, noted the importance of counsel assistance to a parolee when he recognized that the parole revocation proceeding is the very last contact the parolee has with the Board before "his cell door is slammed shut, perhaps for life." 455 Pa. at 18, 314 A.2d at 847 (quoting *Commonwealth v. Johnson*, 428 Pa. 210, 236 A.2d 805 [1968]).

In *LaCourt*, this Court adopted a two-tiered test for determining whether a parolee is entitled to relief based upon counsel's alleged ineffective performance. Under the *LaCourt* test, a parolee must show (1) counsel made errors so serious that counsel was not functioning as "counsel" guaranteed by law; and (2) counsel's errors were so serious that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. 87 Pa. Commonwealth Ct. at 392, 488 A.2d at 75. We also note that the parolee bears the burden of showing counsel's ineffectiveness. *Commonwealth v. McNeil,* 506 Pa. 607, 487 A.2d 802 (1985); *LaCourt,* 87 Pa. Commonwealth Ct. at 391, 488 A.2d at 75. Additionally, in reviewing counsel's performance we must examine counsel's stewardship in light of the standards existing at the time and will not impose upon counsel the qualities of a seer who is able to predict future developments in the law. *Cf. Commonwealth v. Triplett,* 476 Pa. 83, 381 A.2d 877 (1977); *Commonwealth v. McIntosh,* 291 Pa. Superior Ct. 352, 435 A.2d 1263 (1981).

Here, counsel's alleged error is that he failed to object to the admission of the Healtheast Laboratory report which indicated the presence of cocaine metabolites in Vereen's urine. Where counsel's error consists of a failure to assert an objection, we must first ascertain whether there existed reasonable grounds on which to assert the omitted objection; if there was arguable merit to the omitted objection, we must then ascertain whether counsel had a reasonable basis for failing to assert the objection. *Cf. Commonwealth v. Marchesano,* 348 Pa. Superior Ct. 387, 502 A.2d 597 (1985) (failure to assert objection to timeliness of probation violation hearing). There is no question the laboratory report constituted hearsay evidence since it is in-hearing evidence of an out-of-hearing assertion offered to prove the

truth of the matter asserted in the out-of-hearing assertion. *Carney v. Pennsylvania Railroad Company,* 428 Pa. 489, 240 A.2d 71 (1968). While hearsay evidence is admissible in parole revocation proceedings, it is only admissible over the parolee's objection upon a specific finding of good cause so as to deny the parolee the right to confront and cross-examine an adverse witness. *Sinwell v. Pennsylvania Board of Probation and Parole,* 46 Pa. Commonwealth Ct. 429, 406 A.2d 597 (1979). We have also held a parole revocation order based entirely upon hearsay evidence violates principles of due process and cannot be upheld. *Grello v. Pennsylvania Board of Probation and Parole,* 83 Pa. Commonwealth Ct. 252, 477 A.2d 45 (1984); *see also Hracho v. Pennsylvania Board of Probation and Parole,* 94 Pa. Commonwealth Ct. 222, 503 A.2d 112 (1986). We therefore conclude that the omitted hearsay objection was of arguable merit. We must now ascertain whether counsel had a reasonable basis for not objecting to the report.

The transcript of the July 17, 1985 Violation Hearing indicates that counsel's defense strategy was to attack the conclusiveness of the laboratory report rather than the admission of the report itself. Counsel dwelled upon the fact that the report indicated the presence of cocaine *metabolites* rather than cocaine in Vereen's urine sample. It was counsel's argument that the metabolites could have come from codeine, a cocaine derivative, present in cough syrup, or other prescription drugs. N.T. (7/17/85) 7-10, R.R. 22-25. This argument was of no use to Vereen insofar as codeine is a Schedule I controlled substance for which a prescription is required. *See* Section 4(1)(ii) of the Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §780-104(1)(ii). Nowhere in the transcript does counsel contend Vereen had a prescription for any controlled sub-

stance which would explain the presence of cocaine metabolites in his system. Possession or use of a controlled substance without a valid prescription is a clear violation of general parole condition 5A. *See* 37 Pa. Code §63.4(5)(i). In the administrative appeal, counsel for the first time argues that the laboratory report was hearsay evidence and should not have been admitted. In his argument, he offers no explanation as to why no objection to the report's admission was made before the examiner. We can conceive of no reasonable basis for counsel omitting such a basic objection and that the particular course of action chosen by counsel in no reasonable way effectuated his client's interests. On the basis of the record before us, we must conclude that counsel's error in failing to object to the admission of the laboratory report is serious enough so that counsel was not functioning as "counsel" guaranteed by law. *Cf. Commonwealth v. Fassett*, 496 Pa. 529, 437 A.2d 1166 (1981) (criminal prosecution).

Having determined Vereen met the first tier of the *LaCourt* test, we must now determine whether there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. We conclude Vereen has met this burden. In *Powell v. Pennsylvania Board of Probation and Parole,* 100 Pa. Commonwealth Ct. 7, 513 A.2d 1139 (1986), we reversed a Board parole revocation order based upon a laboratory report exactly like the report at issue here and from the same laboratory. In *Powell,* defense counsel did raise an objection to the admission of the report and the hearing examiner found good cause to accept the report over the parolee's objection. This Court reversed that finding of good cause based upon the lack of a proper foundation being laid by the parole agent for the report's admission over objection since no record custodian from either the laboratory or official from the

Board was present who could give evidence as to the reliability of the report or of the laboratory. *Powell, Id.* at , 513 A.2d at 1143-4 (Slip op. at 11-12). Previously, we had reversed a Board revocation order based solely upon a laboratory urinalysis report where no proper foundation for the report's admission was laid. *See Whitmore v. Pennsylvania Board of Probation and Parole,* 94 Pa. Commonwealth Ct. 569, 504 A.2d 401 (1986). Therefore, had Vereen's hearing counsel lodged an objection to the admission of the laboratory report, the hearing examiner would have been required under the Board's regulations and due process to make a good cause finding. *See* 37 Pa. Code §§71.2(16) and 71.5(d); *Morrissey; Sinwell.* As there were no persons present at the July 17, 1985 Violation Hearing who could lay a proper foundation for the admission of the report as set forth in *Powell,* the examiner could not have made an adequate good cause finding so as to justify admitting the report into evidence. Without the admission of the laboratory report, the Board would have been unable to prove the fact of a violation of condition 5A by a preponderance of the evidence and the result of the July 17, 1985 Violation Hearing would have been different. Having found Vereen has satisfied both tiers of the *LaCourt* test for showing the ineffectiveness of his hearing counsel, we are required to vacate the Board's revocation order and remand the matter back to the Board for a new hearing with different counsel.

Having found that Vereen was given ineffective assistance of counsel and is therefore entitled to a new hearing, we find it unnecessary to address the remaining issues raised in this appeal.[7]

---

[7] Upon remand, the Board should be aware of our holdings in *Powell* with respect to the admissibility and character of laboratory urinalysis reports and in *Grello* wherein we held that due process precludes the Board from basing a finding that a parolee violated

ORDER

Now, September 26, 1986, the Order of the Pennsylvania Board of Probation and Parole at Parole No. 3426-R, dated October 18, 1985, which denied administrative relief to LeVance Vereen, is hereby reversed and the parole revocation order dated September 3, 1985, which recommitted LeVance Vereen as a technical parole violator for violation of condition 5A, is hereby vacated and the matter is remanded to the Pennsylvania Board of Probation and Parole for such further proceedings consistent with this opinion.

Jurisdiction relinquished.

---

the terms and conditions of parole based solely upon hearsay evidence. *Cf. Anderson v. Department of Public Welfare,* 79 Pa. Commonwealth Ct. 182, 468 A.2d 1167 (1983) (finding of Department of Public Welfare cannot be based entirely upon hearsay evidence); *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976) (finding of Unemployment Compensation Board of Review cannot be based entirely upon hearsay evidence).