526 A.2d 1261

Paul Helvy, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs March 26, 1987, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Daniel J. Mancini,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, June 9, 1987:

Paul Helvy (petitioner) petitions for review of the September 12, 1985 recommitment order and the February 5, 1986 denial of administrative relief of the Pennsylvania Board of Probation and Parole (Board).

The petitioner, while on parole, was arrested on a detainer warrant on December 25, 1984 and charged with armed robbery and conspiracy. He was subsequently charged with technical violations of parole conditions 5(i) (abstain from unlawful possession or sale of narcotics and drugs) and 5(ii) (refrain from owning or possessing firearms or other weapons). 37 Pa. Code §65.4. On May 2, 1985, after a preliminary revocation hearing at which the petitioner was represented by the Allegheny County Public Defender's Office, he was recommitted to serve eighteen months backtime for the

above-mentioned technical parole violations. On June 26, 1985 his *pro se* request for administrative relief was denied as being untimely filed. 37 Pa. Code §71.5(h).

On June 5, 1985, the petitioner pled guilty to the robbery charge[1] and was sentenced to serve from four to eight years in prison. On September 12, 1985, after an August 14, 1985 full board revocation hearing at which the petitioner was represented by the Allegheny County Public Defender's Office, the Board reaffirmed its eighteen month recommitment of the petitioner as a technical parole violator and recommitted him as a convicted parole violator to serve an additional forty-eight months backtime for his robbery conviction.[2] On February 5, 1986, the petitioner's January 29, 1986 request for administrative relief was denied.

The petitioner filed a petition for review with this Court on February 28, 1986, and the Board filed a motion to quash that petition as untimely.[3] On June 9, 1986, the Board's motion was denied because the petitioner's request for review of the September 12, 1985 and February 5, 1986 orders raised the issue of the ineffectiveness of counsel in failing to object to allegedly irrelevant and hearsay evidence at the petitioner's August 14, 1985 revocation hearing and in failing to file a request for administrative relief from the September 12, 1985 recommitment order.[4]

---

[1] The criminal conspiracy charge was dismissed.

[2] The petitioner was recommitted to serve sixty-six months backtime for his technical and convicted parole violations.

[3] A petition for review must be filed within thirty days of the entry of a quasijudicial order or appealable order pursuant to Pa. R.A.P. 1512(a)(i).

[4] On March 10, 1986, this Court also ordered that the Beaver County Public Defender be appointed to represent the petitioner in this matter.

It is well-settled that an indigent, incarcerated prisoner is entitled to the assistance of counsel at any revocation hearing, whether as a convicted violator or as a technical violator, and in the prosecution of any appeals therefrom. *Brewer v. Pennsylvania Board of Probation and Parole,* 90 Pa. Commonwealth Ct. 75, 494 A.2d 36 (1985). And, in order to prevail on a claim of ineffective assistance of counsel, the petitioner must show that counsel made errors so serious that he was not functioning as guaranteed by law, and that the deficient representation prejudiced the petitioner's defense. *LaCourt v. Pennsylvania Board of Probation and Parole,* 87 Pa. Commonwealth Ct. 384, 488 A.2d 70 (1985).

The petitioner contends that his counsel failed to object to irrelevant and hearsay evidence at the August 14, 1985 revocation hearing, but he neither indicates which evidence was irrelevant and hearsay nor how its admission prejudiced his defense. *LaCourt.*

An attorney's failure to object to the denial of his client's due process rights at a revocation hearing, of course, constitutes ineffective assistance of counsel. *Commonwealth v. Vasquez,* 255 Pa. Superior Ct. 545, 389 A.2d 111 (1978). A failure to object to documents or statements allegedly containing hearsay, however, is not so serious an error as to constitute representation short of that guaranteed by law. *Pickert v. Pennsylvania Board of Probation and Parole,* 100 Pa. Commonwealth Ct. 44, 514 A.2d 252 (1986) (counsel's failure to object to hearsay did not render his assistance ineffective because the parolee admitted the violations). And, our review of the record indicates that the Board's finding that the petitioner was convicted of robbery is supported by substantial evidence in the form of the petitioner's admission that he had an appeal pending on that conviction and by verified copies of the common pleas court's

entry of the petitioner's guilty plea. Certified copies of convictions, of course, are sufficient by themselves to support recommitment as a convicted violator and as a technical violator. *Chapman v. Pennsylvania Board of Probation and Parole*, 86 Pa. Commonwealth Ct. 49, 484 A.2d 413 (1984). Moreover, the petitioner's admission also supports his parole revocation. *Heckrote v. Pennsylvania Board of Probation and Parole*, 77 Pa. Commonwealth Ct. 131, 465 A.2d 118 (1983). Accordingly, we find no merit to the petitioner's claim that his attorney was ineffective in failing to object to allegedly irrelevant and hearsay evidence.

The petitioner also contends that the Board abused its discretion in dismissing his untimely request for administrative relief because he informed the Board that his attorney had abandoned him. He alleges that, after the August 14, 1985 revocation hearing, he requested his counsel, verbally and in writing, to take an appeal should he receive an adverse decision.[5] If, in fact, the petitioner did request his attorney to file an appeal, the failure to do so may have constituted ineffective assistance of counsel. The record, however, contains no evidence whatever as to whether or not such a request was made by the petitioner. Accordingly, we are unable to determine if counsel was functioning as guaranteed by law. *LaCourt*.

We will, therefore, remand this matter to the Board for an evidentiary hearing on the issue of whether or not the petitioner was denied the effective assistance of counsel by virtue of his attorney's failure to file an appeal from the September 12, 1985 recommitment order.

---

[5] We note that a copy of the Board's September 12, 1985 recommitment order was sent to the petitioner's attorney thereby informing him that the statutory period within which to take an appeal had begun.

## ORDER

AND NOW, this 9th day of June, 1987, the September 12, 1985 and February 5, 1986 orders of the Pennsylvania Board of Probation and Parole in the above-captioned matter are vacated and this case is remanded to the Board for an evidentiary hearing on the issue of the effectiveness of the petitioner's attorney.

Jurisdiction relinquished.