530 A.2d 1011

Robert B. Moore, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

· Submitted on briefs March 3, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Frederick I. Huganir,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, September 3, 1987:

Robert B. Moore (Petitioner) appeals a decision of the Pennsylvania Board of Probation and Parole (Board) which denied him administrative relief from a Board order recommitting him for fifteen months. We affirm.

On November 4, 1982, Petitioner was released on parole from sentences for unlawful delivery of a controlled substance.[1] Three years later, on November 22, 1985, the Board issued a detainer against Petitioner on charges of violating technical condition 5a of his parole (possession of illegal drugs/narcotics). At Petitioner's parole violation hearing on December 30, 1985, the Board presented a laboratory urinalysis report from November of 1985 showing the presence of methamphetamine, an illegal narcotic, in Petitioner's bloodstream. Petitioner's counsel did not object to the admission into evidence of the lab report. Instead, Petitioner testified that he had taken some blue speckled pills belonging to his girlfriend, an acknowledged drug user, thinking that they were methamphetamine "look-alikes" containing only caffeine, and stated that the fact that the pills turned out to be real methamphetamine was an honest mistake on his part. Petitioner further testified that he was moving back in with his wife and children, attending family therapy, seeking employment, and otherwise taking steps toward becoming a productive and law-abiding citizen.

The Board found Petitioner guilty of violating parole condition 5a, which carries a five-to-twelve month presumptive range of recommitment. The Board ordered Petitioner recommitted to serve fifteen months, citing as aggravating factors: "Very poor parole adjustment. You were previously warned and counseled about

---

[1] Petitioner was sentenced to concurring terms of four-to-fifteen and two-to-ten years on three counts of drug violations.

drug involvement."[2] Following the Board's denial of administrative relief, Petitioner appealed.

Petitioner contends that: (1) the Board failed to establish that he was in "possession" of illegal drugs; (2) the Board erred in recommitting him beyond the five-to-twelve month presumptive range; and (3) he received ineffective assistance of counsel at his violation hearing.

Our scope of review is limited to whether necessary findings of fact are supported by substantial evidence, whether the Board has committed an error of law, or whether Petitioner's constitutional rights have been violated. *Seyler v. Pennsylvania Board of Probation and Parole*, 97 Pa. Commonwealth Ct. 302, 509 A.2d 438 (1986).

Petitioner initially asserts that the laboratory report showing the presence of methamphetamine in his bloodstream was insufficient to demonstrate "possession" of illegal drugs. We find this argument to be meritless. Petitioner admitted to ingesting the pills. The presence of an illegal drug in Petitioner's bloodstream provides substantial evidence for a finding that he was in possession of that drug. He could not have ingested the drug without possessing it prior to introducing it into his system.

Petitioner further asserts that the Board erred in recommitting him beyond the five-to-twelve month presumptive range of recommitment for violation of technical condition 5a.[3] We disagree.

The Board's regulations state: "The Board may deviate from the presumptive range or determine that recommitment should not occur provided sufficient written justification is given." 37 Pa. Code §75.3(c). In

---

[2] Decision of the Board of Probation and Parole dated March 10, 1986.

[3] See 37 Pa. Code §75.4.

the case at bar, the Board cited Petitioner's previous warnings about drug involvement as an aggravating factor. A parole violation report offered into evidence by Petitioner's parole agent, and not objected to, showed that Petitioner was repeatedly contacted by his parole agent about suspected drug involvement and warned against association with drug users. Accordingly, the Board's written justification for its imposition of fifteen months backtime satisfies the requirements of the regulations.

Finally, Petitioner argues that he was not afforded effective assistance of counsel at his parole violation hearing. In support of his contention, Petitioner asserts that if counsel had objected to the laboratory report, such objection would have been sustained, and the Board would not have had sufficient evidence to recommit him.

In *LaCourt v. Pennsylvania Board of Probation and Parole*, 87 Pa. Commonwealth Ct. 384, 488 A.2d 70 (1985) this court held that in order to establish ineffective assistance of counsel, a parolee must show that (1) counsel made errors so serious that he or she was not functioning as "counsel" guaranteed by law; and (2) counsel's errors were so serious that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different.

In support of his claim, Petitioner cites *Vereen v. Pennsylvania Board of Probation and Parole*, 101 Pa. Commonwealth Ct. 63, 515 A.2d 637 (1986) wherein we held that counsel's failure to object to a laboratory urinalysis report did constitute ineffective assistance of counsel. However, critical to our decision in *Vereen* was our anaylsis under the first tier of the *LaCourt* test, where we stated:

> counsel's defense strategy was to attack the conclusiveness of the laboratory report rather than

the admission of the report itself. Counsel
dwelled upon the fact that the report indicated
the presence of cocaine *metabolites* rather than
cocaine in Vereen's urine sample. It was
counsel's argument that the metabolites could
have come from codeine, a cocaine derivative,
present in cough syrup, or other prescription
drugs. . . . This argument was of no use to
Vereen in so far as codeine is a Schedule I con-
trolled substance for which a prescription is re-
quired [and counsel offered no valid prescrip-
tion]. Possession or use of a controlled substance
without a valid prescription is a clear violation of
general parole condition 5A.

*Vereen,* 101 Pa. Commonwealth Ct. at 70-71, 515 A.2d
at 641 (emphasis in original). Essential to the *Vereen*
decision was the fact that counsel's strategy was of abso-
lutely no use to the parolee, and, therefore, counsel was
not functioning as "counsel" guaranteed by law in failing
to object to the laboratory urinalysis.

In the case at bar, however, the record discloses that
Petitioner's counsel pursued a valid strategy of mitiga-
tion against the technical violation charge. Counsel
vigorously argued that while Petitioner had in fact in-
gested the blue speckled pills, he had done so through
honest mistake thinking that they were only caffeine.
Counsel further presented the testimony of Petitioner
and Petitioner's wife, both of whom stated that Petition-
er was taking significant steps toward finding his place
in society as an upstanding, law-abiding citizen. In light
of these efforts, counsel argued, Petitioner should not
be punished for his allegedly honest mistake.

Since counsel was pursuing a defense strategy of
free admission of honest mistake with extenuating and
mitigating circumstances, objection to the admission of
the laboratory report may have had a detrimental im-

148

pact on the credibility of the defense. In addition, a laboratory urinalysis will be admissible if the Board follows certain requirements. *See Powell v. Pennsylvania Board of Probation and Parole,* 100 Pa. Commonwealth Ct. 7, 513 A.2d 1139 (1986), *allocatur denied,* 514 Pa. 640, 523 A.2d 346 (1987), and the Board may have been able to secure admission of the report through the *Powell* guidelines. Thus, while counsel's strategy may not have been entirely successful, we cannot say that counsel's failure to object to the laboratory urinalysis was so serious that counsel was not functioning as "counsel" guaranteed by law. Since we conclude, therefore, that Petitioner failed to establish the first tier of the *LaCourt* test, we need not consider whether there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different.

Accordingly, the decision of the Board is affirmed.

ORDER

AND NOW, September 3, 1987, the decision of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.