545 A.2d 483

Catherine Mignone, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs June 28, 1988, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Vicki Ellen Herr,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, August 11, 1988:

Catherine Mignone (petitioner) appeals an order of the Pennsylvania Board of Probation and Parole (Board) which denied her request for administrative relief from a Board recommitment order.

We find it unnecessary at this juncture to recite petitioner's history of drug-related offenses. Suffice it to say that petitioner, while on parole, was arrested on April 3, 1987 for the possession of a controlled substance and related drug paraphernalia. She pled guilty to the charges and was sentenced to a term of thirty days to twelve months to be served on weekends commencing July 24, 1987. Reporting to the Delaware County Prison on that date, petitioner submitted to urinalysis testing; the results of the test were positive for cocaine. On July 31, 1987, petitioner returned to the prison and again submitted a urine sample; this test revealed the presence of cocaine, amphetamine and methamphetamine. Citing the two positive drug tests results, the Board charged petitioner with violating a condition of her parole which required that she abstain from the use of controlled substances.

At the subsequent revocation hearing, the Hearing Examiner found the so-called "chain of custody" of petitioner's urine samples to be imprecise and refused

to admit the urinalysis results into evidence. However, in response to his direct inquiry, petitioner admitted using "a little bit" of cocaine on July 13, 1987. On the basis of her admission, the Board recommitted petitioner to serve a term of six months for the technical violation pertaining to her drug use. She was also recommitted to serve six months as a convicted parole violator based on her conviction for drug possession. As noted, the Board denied petitioner's request for administrative relief and this appeal followed.

Upon appeal, petitioner contends that the Board's imposition of a term of recommitment based solely on her verbal admission of proscribed conduct failed to satisfy constitutional due process requirements for two reasons: (1) the Notice of Charges and Hearing received by petitioner prior to the revocation hearing indicated that the Board intended to base the alleged technical violation solely on the urinalysis results and (2) petitioner was not forewarned that any admissions on her part at the hearing might constitute evidence in support of the parole violation charge.

*Morrissey v. Brewer,* 408 U.S. 471, 489 (1972), the seminal case on matters of parole revocation, establishes the minimum requirements of due process in such proceedings, and pertinently entitles a parolee to "written notice of the claimed violations of parole. . . ."[1] The Board regulation found at 37 Pa. Code §71.2(12)(i) requires that the Notice inform the parolee of the "charges against him, specifying the precise condition or

---

[1] *Morrissey* further compels the disclosure to the parolee of evidence against him; an opportunity to be heard in person and to present witnesses and documentary evidence; the right to confront and cross-examine adverse witnesses; a "neutral and detached" hearing body such as a traditional parole board; and a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. *Id.*

conditions violated and setting forth, with particularity, the circumstances of the alleged violation." The Notice of Charges received by petitioner in the instant matter was sufficient to afford her notice of the alleged basis for revocation to enable her to prepare a defense and clearly satisfied these criteria. *Plair v. Pennsylvania Board of Probation and Parole,* 104 Pa. Commonwealth Ct. 297, 521 A.2d 989 (1987). Moreover, the Notice specified the conduct for which petitioner was ultimately recommitted.[2] We find no additional constitutional requirement that a parolee be notified of the evidence to be proffered by the Board in support of a technical parole violation charge nor has petitioner provided us with same. Most certainly, a parolee's admission of proscribed conduct may constitute evidence in support thereof. *See, e.g., Moore v. Pennsylvania Board of Probation and Parole,* 109 Pa. Commonwealth Ct. 142, 530 A.2d 1011 (1987).

Accordingly, the order of the Board is affirmed.

ORDER

AND NOW, this 11th day of August, 1988, the Order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.

---

[2] We note that due process protections are violated where the Notice alleges one ground for the violation of parole and the Board actually revokes parole on other grounds. *Champion v. Pennsylvania Board of Probation and Parole,* 39 Pa. Commonwealth Ct. 401, 395 A.2d 671 (1978).