573 A.2d 628

**James DORSEY, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Oct. 20, 1989.

Decided Jan. 23, 1990.

Designated as Opinion to be Reported April 23, 1990.

Petition for Allowance of Appeal Denied Aug. 13, 1990.

John P. Liekar, Sr., Canonsburg, for petitioner.

Arthur R. Thomas, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, Harrisburg, for respondent.

Before CRAIG and BARRY, JJ., and BLATT, Senior Judge.

CRAIG, Judge.

James Dorsey appeals an order of the Pennsylvania Board of Probation and Parole which denied his administrative appeal from the board's order recommitting him to serve five months of backtime as a technical parole violator (TPV). We affirm.

In 1988, while on parole, Dorsey violated his conditions of parole by testing positive for morphine use and by receiving a conviction for theft-by-deception.

After a revocation/violation hearing, the board recommitted Dorsey on May 27, 1988 to serve twelve months as a convicted parole violator (CPV) on the theft-by-deception conviction, and seven months as a TPV on the positive drug

test. The board denied Dorsey's request, as a CPV, for credit for his "street time" in good standing while on parole.

In a separate incident, Dorsey was charged with passing a bad check and retail theft. At a hearing before a district justice, Dorsey was ordered to pay restitution of $23.54, the face amount of the bad check, and costs of $174.40 in installment payments.

After a violation hearing, the board ordered Dorsey to serve nine months of backtime for the additional parole violations on September 28, 1988.

The board then modified the previous order on December 27, 1988 by reducing Dorsey's backtime from nine to five months on the bad check violation and dismissing the retail theft violation.

Dorsey requested administrative relief from the December 27, 1988 order, which the board denied on March 23, 1989. This appeal followed, and on April 19, 1989, this court appointed new counsel, the Westmoreland County Public Defender, to represent Dorsey.

On appeal, Dorsey contends that his appointed counsel was ineffective because he failed to (1) file a timely appeal from the board's May 27, 1988 order, and (2) failed to present any evidence regarding the bad check violation at the June 27, 1988 violation hearing.[1]

Our scope of review is limited to determining whether substantial evidence supports the board's order, whether the board committed any errors of law, or whether the board violated the parolee's constitutional rights. *Moore v.*

1. In his brief, Dorsey raises issues regarding the board's computation of his maximum date and reparole date. Because Dorsey's initial petition for review failed to raise these issues, and because Dorsey's new appointed counsel, the Westmoreland County Public Defender, failed to file an amended petition including these issues within thirty days of appointment, as instructed in our April 19, 1989 order, the issues are deemed waived under Pa.R.A.P. 1513(a). *See Pierce v. Pennsylvania Board of Probation and Parole,* 46 Pa.Commonwealth Ct. 507, 509 n. 1, 406 A.2d 1186, 1187 n. 1 (1979).

*Pennsylvania Board of Probation and Parole,* 109 Pa. Commonwealth Ct. 142, 530 A.2d 1011 (1987).

### 1.

Dorsey first contends that his counsel was ineffective because he failed to file a timely appeal to the May 27, 1988 order.

In parole revocation proceedings, a parolee has a right to effective assistance of counsel. *Vereen v. Pennsylvania Board of Probation and Parole,* 101 Pa.Commonwealth Ct. 63, 515 A.2d 637 (1986).

In *LaCourt v. Pennsylvania Board of Probation and Parole,* 87 Pa. Commonwealth Ct. 384, 488 A.2d 70 (1985), this court held that, in order to establish ineffective assistance of counsel, a parolee must show that:

(1) the counsel made errors so serious that he or she was not functioning as counsel guaranteed by law, and

(2) the counsel's errors were so serious that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different.

If the record contains proof that a parolee requested his counsel to file an appeal, then counsel's failure to do so may constitute ineffective assistance of counsel. *Helvy v. Pennsylvania Board of Probation and Parole,* 106 Pa. Commonwealth Ct. 487, 526 A.2d 1261 (1987).

However, in the present case, the record contains no evidence that Dorsey requested his counsel to appeal the May 27, 1988 order. Thus, according to the first tier of the *LaCourt* test, we cannot conclude that Dorsey's counsel made any errors which denied Dorsey's right to effective assistance of counsel guaranteed by law.

### 2.

Dorsey next contends that his counsel was ineffective because he failed to present any evidence regarding the bad check violation at the June 27, 1988 violation hearing.

■ Parole revocation matters are civil administrative proceedings in nature, and separate from criminal proceedings conducted by the courts. *Larkin v. Pennsylvania Board of Probation and Parole*, 124 Pa.Commonwealth Ct. 184, 555 A.2d 954 (1989). A parolee cannot use a parole revocation hearing to relitigate issues resolved against him in a previous criminal proceeding. *Chapman v. Pennsylvania Board of Probation and Parole*, 86 Pa.Commonwealth Ct. 49, 484 A.2d 413 (1984).

■ The board bears the burden of proving parole violations by a preponderance of the evidence. *Maxfield v. Pennsylvania Board of Probation and Parole*, 114 Pa. Commonwealth Ct. 162, 538 A.2d 628 (1988).

■ Because a district justice is not a court of record under Section 21.1(a) [2] of the Parole Act, *Harper v. Pennsylvania Board of Probation and Parole*, 103 Pa.Commonwealth Ct. 251, 258 n. 7, 520 A.2d 518, 522 n. 7 (1987), *appeal denied*, 515 Pa. 625, 531 A.2d 432 (1987), Dorsey's bad check conviction before the district justice subjected him to recommitment only as a TPV, and not as a CPV.

The board concedes that (1) Dorsey never admitted at the violation hearing to passing a check knowingly with insufficient funds, (2) Dorsey never pled guilty to the bad check charge, and (3) the district justice never recorded Dorsey's guilty verdict on the bad check charge.

However, the district justice did order Dorsey to pay restitution and costs from the bad check charge.

According to 18 Pa.C.S. § 4105(e)(1) (bad checks), a person convicted on a bad check charge shall pay restitution, reimbursing the payee for the face amount of the bad check. Thus, restitution is one type of penalty for a bad check conviction.

■ Because restitution can be a type of sentence used by a court, *Commonwealth v. Reed*, 374 Pa.Superior Ct.

---

**2.** Act of August 6, 1941, P.L. 861, added by section 5 of the Act of August 24, 1951, P.L. 1401, *as amended*, 61 P.S. § 331.21a.

510, 543 A.2d 587 (1988), and because a criminal defendant cannot be sentenced unless he pleads either guilty or nolo contendere, or is convicted by a court, the district justice's order requiring Dorsey to pay restitution constituted a conviction on the bad check charge.

Moreover, the district justice provided for installment payments of costs, which further supports the conclusion that a conviction occurred. *See* Pa.R.Crim.P. 59(c)(5), 64(c)(5), 69(c)(5), 83(d), and 85(d).

Therefore, Dorsey's bad check conviction constitutes substantial evidence to support the board's recommittal order.

Accordingly, we affirm the board's order.

## ORDER

NOW, January 23, 1990, the order of the Pennsylvania Board of Probation and Parole, dated September 20, 1988, is affirmed.