# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Casey, :
    Petitioner : 
: 
    v. : No. 2346 C.D. 2014
: Submitted: September 18, 2015
Pennsylvania Board of Probation :
and Parole, :
    Respondent :


BEFORE:  HONORABLE BERNARD L. McGINLEY, Judge
       HONORABLE PATRICIA A. McCULLOUGH, Judge
       HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY SENIOR JUDGE COLINS**       **FILED:  October 15, 2015**

    Before this Court are the petition of Richard Casey for review of the December 2, 2014 determination of the Pennsylvania Board of Probation and Parole (Board), which denied his administrative appeal of a Board order recommitting him for six months of backtime and recalculating his maximum sentence date, and the application of Victor Rauch, Esq., Assistant Public Defender of Philadelphia County (Counsel), for leave to withdraw as attorney for Mr. Casey on the ground that the petition for review is frivolous.  Because we conclude that the issues raised in Mr. Casey's appeal are meritless, we grant Counsel's application for leave to withdraw and we affirm the Board's determination.

    On November 3, 2010 Mr. Casey was released on parole with a maximum sentence date of June 21, 2015.  (Record Item (R. Item) 2, Release on Parole.)  At the time of his parole, Mr. Casey agreed to specific conditions

governing his parole. (*Id*., Conditions Governing Parole.) One of the conditions that Mr. Casey acknowledged was that if he was convicted of a crime while at liberty on parole the Board, following a hearing, had authority to recommit Mr. Casey for the balance of his sentence with no credit for time spent at liberty on parole. (*Id*.)

On September 15, 2013, Mr. Casey was arrested by the Eddystone Police Department on charges of theft by deception, forgery, and resisting arrest. (R. Item 7, Police Criminal Complaint.) On September 16, 2013, bail was set for Mr. Casey and the Board lodged a detainer against Mr. Casey pending disposition of his new criminal charges. (R. Item 4, Detainer; R. Item 15, Criminal Docket.) Mr. Casey did not post bail on the new criminal charges. (R. Item 15, Criminal Docket.)

On March 17, 2014, Mr. Casey pled guilty to theft by deception and resisting arrest. (R. Item 15, Criminal Docket; R. Item 16, Certificate of Imposition of Judgment of Sentence.) Mr. Casey was sentenced to 1 to 23 months with 1 year of supervised probation, he received credit for 1 month of the time he spent incarcerated in county jail towards his sentence, and he was immediately paroled. (*Id*.) On May 15, 2014, Mr. Casey acknowledged receipt of notice of a revocation hearing scheduled for June 18, 2014 to address whether he had been convicted on new criminal charges while he was at liberty on parole and he waived his right to a full panel hearing. (R. Item 12, Panel Hearing Waiver, Notice of Charges and Hearing.) On June 18, 2014, Mr. Casey, represented by counsel, testified before a hearing examiner and admitted to his new criminal conviction. (Supplemental R. Item, Hearing Transcript at 5, 8.)

2

On July 28, 2014 the Board recommitted Mr. Casey as a convicted parole violator to serve six months backtime and recalculated his maximum sentence date as November 2, 2018. (R. Item 15, Board Action Recorded 7/22/14.) Mr. Casey filed a *pro se* appeal and, on December 2, 2014, the Board affirmed its July 28, 2014 order. (R. Item 16, Petition for Administrative Review, Board Determination.) On December 18, 2014, Mr. Casey filed a *pro se* petition for review with this Court and, on February 12, 2015, Counsel was appointed for Mr. Casey.[1]

On July 6, 2015, Counsel submitted a petition to withdraw accompanied by a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Where a constitutional right to counsel exists, appointed counsel must file an *Anders* brief in support of a petition to withdraw. A constitutional right to counsel arises in appeals from determinations revoking parole and exists where a parolee has a colorable claim "(i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present." *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 26 (Pa. Cmwlth. 2009) (en banc). Where a parolee has a statutory right to counsel, rather than a constitutional right, a no-merit letter is sufficient and counsel need not submit an

---

[1] The Luzerne County Office of the Public Defender was originally appointed to represent Mr. Casey. On January 25, 2015, Mr. Casey was paroled within Philadelphia County and, upon application, the Luzerne County Office of the Public Defender withdrew and Counsel was appointed to represent Mr. Casey.

*Anders* brief.[2]   *Commonwealth v. Santiago*, 978 A.2d 349, 351 n.2 (Pa. 2009); *Hughes*, 977 A.2d at 24-25.  A no-merit letter must set forth: (i) the nature and extent of counsel's review of the case; (ii) each issue that the inmate wishes to raise on appeal; and (iii) counsel's explanation of why each of those issues is meritless.  *Commonwealth v. Turner*, 544 A.2d 927, 928-929 (Pa. 1988); *Reavis v. Pennsylvania Board of Probation and Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006).  In the instant matter, Counsel filed an *Anders* brief when a no-merit letter would have been sufficient.  In such instances, this Court will accept an *Anders* brief in place of a no-merit letter if the *Anders* brief has complied with the technical requirements of a no-merit letter.  *Seilhamer v. Pennsylvania Board of Probation and Parole*, 996 A.2d 40, 43 (Pa. Cmwlth.  2010).  Additionally, this Court will evaluate the issues presented to determine whether they are meritless rather than to determine if the appeal lacks any basis in law or fact as is required by *Anders*.  *Hughes*, 977 A.2d at 26 n.4.

Upon review of Counsel's petition and accompanying brief, it is clear that Counsel has satisfied the procedural requirements necessary to withdraw as appointed counsel: (i) Counsel has notified Mr. Casey of his request to withdraw; (ii) Counsel has furnished Mr. Casey with a copy of the petition to withdraw and the brief filed in support of withdrawal; and (iii) Counsel has advised Mr. Casey of his right to retain new counsel, to proceed *pro se* and to raise any additional points that Mr. Casey may deem worthy of consideration.  *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013).  Furthermore, Counsel has complied with the substantive requirements of a no-merit letter.  *Seilhamer*, 996 A.2d at 43-44; *Hughes*, 977 A.2d at 26-27; *Reavis*, 909 A.2d at 33.

---

[2] *See* Section 6(a) of the Act commonly known as the Public Defender Act, Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a).

Counsel has included a statement advising this Court that after a thorough review of the record, Counsel has concluded that the issues preserved for appeal are frivolous. Counsel has described the factual and procedural history of the instant matter, with citations to the record. Counsel has listed each issue that Mr. Casey sought to raise in his *pro se* petition for review and has offered an explanation as to why Counsel believes that each of these issues is without merit. Therefore, because we conclude that Counsel has satisfied the procedural and substantive requirements necessary to withdraw as counsel, we will conduct an independent review of the proceedings before the Board to determine if Mr. Casey's appeal is meritless.[3]

Initially, we reiterate that failure to raise an issue before the Board results in waiver of that issue and review by this Court is precluded. *Reavis*, 909 A.2d at 34. In the instant matter, Mr. Casey appears to have waived his first two issues. However, even if Mr. Casey had preserved each of the issues presented in his petition for review, our independent analysis leads us to determine that the issues he has raised are meritless.

The first issue raised by Mr. Casey in his petition for review is that the Board acted beyond its authority by recalculating his maximum sentence date as November 2, 2018. Section 6138 of the Prisons and Parole Code (Code), 61 Pa. C.S. § 6138, provides the Board with authority to deny a convicted parole violator credit for time spent at liberty on parole towards the convicted parole violator's

---

[3] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, and whether necessary findings were supported by substantial evidence. 2 Pa.C.S. § 704; *Adams v. Pennsylvania Board of Probation and Parole*, 885 A.2d 1121, 1122 n.1 (Pa. Cmwlth. 2005).

maximum term expiration date.[4]  Our Supreme Court has consistently upheld the constitutionality of the Board's statutory authority to deny a convicted parole violator credit for time spent at liberty on parole.  *See Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 570 (Pa. 1980) ("when the Board refuses to credit a convicted parole violator with time spent free on parole there is neither a usurpation of the judicial function of sentencing nor a denial of the procedural safeguards to which persons are entitled.").

Denying credit for time spent at liberty on parole is not an extension of a judicially imposed sentence.  Had the Board attempted to add time in addition to that spent at liberty on parole as a punishment, then the Board would have acted illegally by usurping powers reserved to the judicial branch.  Instead, the Board

---

[4] Section 6138(a) of the Code provides, *inter alia*:

> (1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

> (2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

> (2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

>> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

61 Pa. C.S. § 6138(a)(1)-(2.1).

6

denied Mr. Casey credit for his time spent at liberty on parole because he did not adhere to the conditions of his parole and was convicted on new criminal charges. Put simply, Mr. Casey failed to serve that portion of his sentence spent outside the confines of a state correctional facility and the Board determined that he must do so.

Moreover, the Board's determination demonstrates that it exercised its discretion without abuse and concluded that Mr. Casey should be recommitted. The Board's hearing report reflects that it reviewed the evidence, which was substantial and included Mr. Casey's admission, and that the Board determined that Mr. Casey should be evaluated for drugs and alcohol, participate in a cognitive behavioral change program, and then be reevaluated for parole. (R. Item 14, Hearing Report.) There is no evidence that the Board acted in an arbitrary or capricious manner, acted fraudulently, or committed an abuse of power. *Harmer v. Pennsylvania Board of Probation and Parole*, 83 A.3d 293, 298 (Pa. Cmwlth. 2014); *Baldelli v. Pennsylvania Board of Probation and Parole*, 76 A.3d 92, 96-97 (Pa. Cmwlth. 2013). Therefore, this Court has no authority to disturb the Board's order, as it acted clearly within the discretion afforded it under the Code, and Mr. Casey's argument to the contrary is without merit.

Next, Mr. Casey claims that he did not receive adequate notice that one possible outcome of his recommitment hearing was the loss of credit for time spent at liberty on parole and that this lack of notice violated his right to due process. The record reflects otherwise. As noted above, Mr. Casey agreed to a number of conditions governing his parole, one of which stated that if he was convicted of a crime while at liberty on parole, the Board had authority to recommit him to serve the balance of his sentence without credit for any of his

7

time spent at liberty on parole. (R. Item 2, Conditions Governing Parole.) The Board was not required to advise Mr. Casey again as a part of his recommitment hearing that, as one of many possible outcomes, he was subject to loss of credit for time spent at liberty on parole. Due process requires that Mr. Casey be given notice of the claimed parole violation, disclosure of the evidence against him, an opportunity to be heard before a neutral hearing body, and a written decision. *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972); *Commonwealth ex rel. Rambeau v. Rundle*, 314 A.2d 842, 846-847 (Pa. 1973); *Mignone v. Pennsylvania Board of Probation and Parole*, 545 A.2d 483, 484 (Pa. Cmwlth. 1988). Mr. Casey received notice that he was charged by the Board with having received a new criminal conviction. (R. Item 12, Notice of Charges and Hearing.) A hearing was held where Mr. Casey was represented by counsel, testified before the hearing examiner, and was given the opportunity to present evidence and cross-examine his parole officer, the sole witness presented by the Board. (Supplemental R. Item, Hearing Transcript.) Following the hearing, the Board issued a written determination. (R. Item 15, Board Action Recorded 7/22/14.) It is clear from the record that Mr. Casey received the full process he was due and that his argument to the contrary is without merit.

Finally, Mr. Casey contends that the Board erred in failing to credit his sentence with time spent incarcerated in county jail due to the Board's detainer. Mr. Casey was granted but did not post bail. Mr. Casey was sentenced on March 17, 2014 to 1 to 23 months with 1 year of supervised probation, he was given credit against his county sentence for the period from September 16, 2013 until October 14, 2013, and he was immediately paroled. Mr. Casey contends that the period from October 14, 2013, the date of retroactive parole given to him at

8

sentencing, to March 17, 2014, the date of his sentencing, should be credited against his state sentence. In *Banks v. Pennsylvania Board of Probation and Parole*, 928 A.2d 384 (Pa. Cmwlth. 2007), this Court held that a convicted parole violator "did not become available to begin serving backtime on his original state sentence on the date of retroactive parole because a retroactive parole has no legal effect on availability to serve an existing state sentence. Instead, [a convicted parole violator] continued to serve only his new county sentence until that sentence was actually pronounced." *Id*. at 387. An exception to this rule exists where a convicted parole violator "is confined on both the Board's warrant and the new criminal charges and it is not possible to award all of the credit on the new sentence because the period of pre-sentence incarceration exceeds the maximum term of the new sentence." *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 355 (Pa. Cmwlth. 2007). Mr. Casey does not fall within this exception; instead, Mr. Casey is in the same position as the convicted parole violator in *Banks*. Mr. Casey's argument that the time period from October 14, 2013 to March 17, 2014 should be applied to his state rather than his county sentence is therefore without merit.

Accordingly, we grant Counsel's petition to withdraw and affirm the Board's order.

_____
**JAMES GARDNER COLINS, Senior Judge**

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Casey,                                      :
               Petitioner       :
                                  :
               v.               :
                                  :    No. 2346 C.D. 2014
Pennsylvania Board of Probation       :
and Parole,                                         :
               Respondent       :

## ORDER

AND NOW, this 15th day of October, 2015, the application of Victor Rauch, Esq., Assistant Public Defender of Philadelphia County, for leave to withdraw as attorney for Richard Casey is GRANTED and the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**