525 A.2d 1281

Thomas Pierce, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs February 2, 1987, to Judges CRAIG, and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Charles J. Kroboth, Jr.,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, May 21, 1987:

Thomas Pierce (Petitioner) appeals from a denial by the Pennsylvania Board of Probation and Parole (Board) of administrative relief from its order recommitting Petitioner to serve eighteen months backtime. For the reasons set forth below, we affirm.

On October 19, 1979, Petitioner was released on parole after having served one year of a one-to-six year sentence on seven counts of forgery.[1]

On June 27, 1983, Petitioner was arrested on charges of forgery, theft by deception,[2] receiving stolen property[3] and bad checks.[4] The Board lodged a detainer, and Petitioner requested that his revocation hearing be continued pending disposition of the criminal charges against him and sentencing, if convicted. Petitioner was convicted of forgery, receiving stolen property and bad checks and eventually sentenced on

---

[1] Section 4101 of the Crimes Code, 18 Pa. C. S. §4101.

[2] 18 Pa. C. S. §3922.

[3] 18 Pa. C. S. §3925.

[4] 18 Pa. C. S. §4105.

January 13, 1986.[5] On March 4, 1986, the Board conducted a full hearing on Petitioner's criminal parole violations at which Petitioner was represented by a different counsel than in the present appeal. Following the hearing, the Board revoked Petitioner's parole and recommitted him to serve eighteen (18) months backtime. Petitioner's request for administrative relief was denied, and this appeal followed.

Petitioner contends: (1) that his revocation hearing was untimely; (2) that the evidence presented at the hearing failed to establish that parole had ceased to be an effective vehicle of rehabilitation; (3) that he was denied effective assistance of counsel at the hearing; and (4) that the amount of backtime imposed was excessive.

Our scope of review for Pennsylvania Board of Probation and Parole denials of administrative relief is limited to whether the Board has committed an error of law, whether its factual findings are supported by substantial evidence, and whether there has been any violation of constitutional rights. *Seyler v. Pennsylvania Board of Probation and Parole*, 97 Pa. Commonwealth Ct. 302, 509 A.2d 438 (1986).

37 Pa. Code §71.4(2) requires the Board to hold a parole revocation hearing within 120 days of Board notification of a guilty verdict on criminal charges against a parolee. Section 71.5(i)(2) of the Code excludes from the 120-day period any delay attributable to continuances granted at the request of the defendant. In the present matter, Petitioner requested that his revocation hearing be continued until disposition of charges, or sentencing

---

[5] Following Petitioner's conviction, sentencing was postponed for psychological evaluation. Sentencing was then imposed on September 25, 1984. However, for reasons not evident in the record, the sentencing court vacated the original sentence and reentered a different sentence on January 13, 1986.

if convicted. He was sentenced on January 13, 1986, and the Board held his revocation hearing on March 4, 1986. Therefore, it was timely.[6]

Petitioner's second contention mistakes the law. Once the Board has established a technical or criminal parole violation, the burden of showing the continued viability and effectiveness of parole as a vehicle of rehabilitation rests with the parolee, not the Board. *Harper v. Pennsylvania Board of Probation and Parole,* 103 Pa. Commonwealth Ct. 251, 520 A.2d 518 (1987).

The evidence in the record shows that, while on parole for convictions of forgery, Petitioner was again convicted of forgery and related crimes. As such, the Board committed no error in holding that Petitioner had not sustained his burden of proving the continued viability of parole as an effective tool of rehabilitation.

Petitioner next asserts that he received ineffective assistance of counsel when, at his hearing, his former attorney failed to present evidence of Petitioner's work record while on parole as a mitigating factor for the Board's consideration.

In *LaCourt v. Pennsylvania Board of Probation and Parole,* 87 Pa. Commonwealth Ct. 384, 488 A.2d 70 (1985), this Court adopted a two-tiered test for determining whether a parolee has been afforded effective assistance of counsel. The parolee must prove that (1) the alleged errors of counsel were so serious that the parolee's attorney was not functioning as a "counsel" guaranteed by law; and that (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See Vereen*

---

[6] Even if the 120-day period began to run on September 25, 1985, Petitioner's revocation hearing would still be timely because the Board had originally scheduled the hearing for January 23, 1986, 120 days after sentencing, but it was continued at Petitioner's request for a full Board hearing.

*v. Pennsylvania Board of Probation and Parole,* 101 Pa. Commonwealth Ct. 63, 515 A.2d 637 (1986). A complete review of the record, and particularly, of counsel representation at Petitioner's hearing leads us to conclude that Petitioner was not denied effective assistance of counsel.

Petitioner's parole history, as presented to the Board at the hearing, was both complicated and confusing, much of it depending on vague recollections of Petitioner and his parole agents. The notes of testimony show that Petitioner's counsel was persistent, effective, and successful in objecting to potentially damaging hearsay statements of non-testifying parole agents and that counsel promoted Petitioner's testimony concerning alleged technical violations of his parole conditions. Furthermore, counsel presented Petitioner with opportunity to respond to the alleged criminal parole violations while prudently advising caution because his statements could potentially be used against him at a subsequent new trial on the criminal charges. As a result of the hearing, the Board dropped the technical parole violation charges and ordered recommitment only as a criminal parole violator.

Petitioner alleges that counsel's error in failing to bring Petitioner's alleged work record to the attention of the Board was so serious that his attorney was not functioning as "counsel". We disagree. The notes of testimony reveal, to the contrary, that counsel actively pursued his client's interests at the hearing, moreover, there is no evidence in the record that Petitioner's counsel was even aware of Petitioner's alleged work record. Thus, we conclude that Petitioner has failed to satisfy the first tier of the test established in *LaCourt*.

Furthermore, Petitioner was recommitted as a convicted parole violator based on multiple convictions similar in nature to the crimes for which he was origi-

nally convicted. The Board cited those convictions as an aggravating factor in its decision. Petitioner's contention that evidence of his alleged work record, if presented to the Board, would probably have yielded a different result is unfounded and speculative at best. Thus, Petitioner has failed to satisfy the second tier of the *LaCourt* test as well.

Finally, Petitioner asserts that the eighteen month recommitment is excessive. Section 75.2 of the Code sets forth presumptive ranges of recommitment for various crimes of which a parolee is convicted while out on parole, and although the code does not explicitly so state, the Board may aggregate backtime for various offenses when ordering a parolee's recommitment. *Corley v. Pennsylvania Board of Probation and Parole,* 83 Pa. Commonwealth Ct. 529, 478 A.2d 146 (1984). Petitioner was convicted of forgery (6-12 month presumptive range), receiving stolen property (1-6 month minimum[7] presumptive range) and bad checks (1-6 month minimum presumptive range). The Board's recommitment order of 18 months was well within the presumptive range when taken in the aggregate.

Accordingly, the Board's decision is affirmed.

ORDER

AND NOW, May 21, 1987, the decision of the Pennsylvania Board of Probation and Parole denying Petitioner's request for administrative relief in the above-captioned matter is affirmed.

---

[7] The presumptive ranges for receiving stolen property and bad checks (among others) vary depending on the dollar amount involved.