553 A.2d 91

Fred J. Mangone, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs September 7, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Robert B. Stewart, III and Fred J. Mangone, pro se,* for petitioner.

*Timothy P. Wile,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE SMITH, November 25, 1988:

Counsel for Petitioner, Fred Mangone (Mangone), has filed a petition for leave to withdraw as counsel for Petitioner on the basis that Petitioner's appeal is frivolous.

This Court held in *Craig v. Pennsylvania Board of Probation and Parole,* 93 Pa. Commonwealth Ct. 586, 502 A.2d 758 (1985), that where counsel seeks leave to withdraw on grounds that an appeal is frivolous, counsel must petition the court on the basis that the appeal is frivolous; file an advocate's or *Anders* brief and serve a copy thereof along with a copy of counsel's petition upon

the parolee;[1] and give notice of parolee's right to secure the services of substitute counsel or file a pro se brief raising any points the parolee deems worthy of merit.[2] It is then the responsibility of this Court to make an independent examination of the record to determine if the appeal is frivolous.

On September 6, 1982, Mangone was paroled from two four to twenty year concurrent sentences as a result of his convictions for robbery in Allegheny County. He was arrested on January 30, 1984 on new criminal charges and released the same day on his own recognizance. Mangone failed to report the arrest to the parole supervision staff who received notice of the arrest on February 3, 1984 through the Allegheny County Bail Agency. On February 8, 1984, the date Mangone failed to appear for preliminary hearing, the Pennsylvania Board of Probation and Parole (Board) lodged a detainer warrant against Mangone and declared him delinquent effective that date.

On March 21, 1984, Mangone was arrested in Fayette County on additional criminal charges.[3] The Board lodged another warrant and detainer against Mangone the same day and scheduled a hearing for April 3, 1984. Mangone subsequently requested five continuances of the hearing, and on September 11, 1984, Mangone requested a further continuance of his hearing pending

---

[1] The present action is unaffected by the recent decision of the Pennsylvania Supreme Court in *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), which held that an attorney may be permitted to withdraw after filing a "no-merit" letter. The present petition for leave to withdraw was filed prior to the Supreme Court's decision in *Turner*.

[2] Mangone filed a pro se brief on July 19, 1988.

[3] Mangone produced fake owner's and registration cards for the automobile that he was driving. A search of the automobile revealed a stiletto knife under the driver's seat and thirty-nine plastic bags containing marijuana in the trunk.

disposition of the criminal charges which was granted. At the conclusion of this hearing, Mangone signed a waiver as to all timeliness issues. On December 6, 1984, he was convicted of burglary in the Allegheny County Common Pleas Court and sentenced on September 6, 1986 to a term of two and one-half to five years. Mangone subsequently entered a plea of *nolo contendere* to the Fayette County charge of unsworn falsification; the remaining charges were dismissed. Mangone once again requested a continuance of the full Board hearing pending disposition of the petition for review filed before this Court challenging the timeliness of the hearing. This Court held that the hearing was not held because Mangone had requested numerous continuances, and thus denied his appeal. *Mangone v. Pennsylvania Board of Probation and Parole,* (No. 165 C.D. 1987, filed November 6, 1987).

A full hearing was held on January 21, 1988 after which the Board ordered and directed that Mangone be recommitted as a technical parole violator to serve twelve months on backtime for violation of his parole conditions and thirty months as a convicted parole violator. A new reparole date was set for July 21, 1997 and the maximum term expiration date was extended to December 24, 2002. Mangone subsequently filed an application for administrative relief which was denied on April 19, 1988. Thereafter, Mangone appealed to this Court.

Mangone contends that the Board's decision should be reversed since the January 21, 1988 hearing was not held within the one hundred and twenty days as required by 37 Pa. Code §71.4; the technical violations are unsupported by substantial evidence; the Board's allocation of time spent in custody toward his new Allegheny County sentence is incorrect; and the thirty months backtime imposed for the new convictions constitute an abuse of discretion.

The Board must provide a hearing within one hundred and twenty days of receiving official notification of a guilty plea, verdict, or plea of *nolo contendere* for parole violations as a result of new criminal convictions. 37 Pa. Code §71.4(1). *See United States ex rel. Burgess v. Lindsey,* 395 F. Supp. 404 (E.D. Pa. 1975). The delay in conducting hearings in the matter *sub judice* was due to Mangone's requests for continuation. Therefore, the Board is not responsible for delay in a timely scheduled hearing continued at the request of the parolee. *Corbin v. Pennsylvania Board of Probation and Parole,* 42 Pa. Commonwealth Ct. 50, 399 A.2d 1202 (1979); 37 Pa. Code §71.2(10).

Mangone, in support of his timeliness claim, contends that the transcript of the September 11, 1984 hearing, at which Mangone requested a continuance, was fabricated and that his counsel at the time was ineffective in raising this issue in Mangone's earlier appeal before this Court. Mangone not only fails to offer any evidence to support his contention but in fact signed a written request for a continuance at the hearing. However, as Mangone never raised the alleged fabrication charges or ineffective assistance of counsel at the January 21, 1988 hearing, they are waived and cannot be raised before this Court. *Vereen v. Pennsylvania Board of Probation and Parole,* 101 Pa. Commonwealth Ct. 63, 515 A.2d 637 (1986); *Lantzy v. Pennsylvania Board of Probation and Parole,* 82 Pa. Commonwealth Ct. 626, 477 A.2d 18 (1984).

The record establishes that Mangone's technical parole violations are supported by substantial evidence. The Board charged Mangone with violating conditions 3(B), 5(A) and 5(B) which required him to maintain regular contact with parole supervision and to notify staff of an arrest within 72 hours; prohibited possession, sale or use of narcotic drugs; and prohibited owning or possessing

firearms or weapons, respectively. The parole officer testified at the hearing that he never received messages from Mangone or his wife within the required time period and learned of the arrest from the bail agency. It is clearly within the province of the Board to determine the credibility of witnesses, and in this instance, the Board chose to believe the parole officer's testimony. *Chapman v. Pennsylvania Board of Probation and Parole*, 86 Pa. Commonwealth.Ct. 49, 484 A.2d 413 (1984).

Mangone next asserts that he did not know that contraband was in the car driven by him and therefore did not have possession of the weapon and narcotic drugs found in the car. The police report made at the time of arrest shows that a knife and marijuana were found in the car. This Court has held that evidence of possession or constructive possession is sufficient to serve as a basis for parole revocation. *Nickens v. Pennsylvania Board of Probation and Parole*, 93 Pa. Commonwealth Ct. 313, 502 A.2d 277 (1985). Therefore, Mangone clearly violated conditions 5A and 5B of his parole.

From March 21, 1984, the date of the Board warrant, to January 21, 1988, Mangone was in custody. The Board allocated this time toward Mangone's new sentence. However, Mangone claims that this time should have been credited to his original sentence. Since Mangone was unable to satisfy bail requirements on his new criminal charges, the time spent in custody was properly credited to his new sentence. *Gaito v. Pennsylvania Board of Probation and Parole*, 488 Pa. 397, 412 A.2d 568 (1980); *Laguines v. Pennsylvania Board of Probation and Parole*, 105 Pa. Commonwealth Ct. 300, 524 A.2d 541 (1987).

Finally, Mangone contends that the imposition of thirty months backtime was an abuse of discretion by the Board. The presumptive range for a conviction of bur-

glary is fifteen to twenty-four months and the presumptive range for conviction for unsworn falsification to authorities is three to six months. 37 Pa. Code §75.2. The Board may aggregate backtime for various offenses when ordering a parolee's recommitment. *Pierce v. Pennsylvania Board of Probation and Parole*, 106 Pa. Commonwealth Ct. 295, 525 A.2d 1281 (1987), *appeal denied*, 517 Pa. 601, 535 A.2d 1059 (1987). Where, as here, a parole violation is unchallenged, admitted or supported by substantial evidence and the backtime imposed by the Board is within the presumptive range, the Board's discretionary imposition of backtime will not be reviewed by this court. *Smith v. Pennsylvania Board of Probation and Parole*, 117 Pa. Commonwealth Ct. 220, 543 A.2d 221 (1988).

Accordingly, this Court finds that the petition for review is frivolous, and the petition for leave to withdraw filed by counsel for Petitioner is therefore granted. The order of the Board is affirmed.

## ORDER

AND NOW, this 25th day of November, 1988, the petition for leave to withdraw filed by counsel for Petitioner is granted, and the order of the Board is affirmed.

Judge MACPHAIL did not participate in the decision in this case.