IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory M. Hackett, Jr.,                      :
                                              :
                        Petitioner            :
                                              :
            v.                                : No. 1578 C.D. 2017
                                              : Submitted: March 23, 2018
Pennsylvania Board of Probation               :
and Parole,                                   :
                                              :
                        Respondent            :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  September 6, 2018


            Presently before this Court is the application of David Crowley, Esquire, Chief Public Defender for Centre County (Counsel) for leave to withdraw as counsel for Gregory M. Hackett, Jr. (Hackett). Hackett has filed a petition for review of the determination of the Pennsylvania Board of Probation and Parole (Board) revoking his parole and recalculating his parole violation maximum date. Counsel seeks leave to withdraw on the grounds that Hackett's petition for review is without merit. For the following reasons, we grant Counsel's application for leave to withdraw and affirm the Board's decision.

# I. Background

Hackett was sentenced to three concurrent terms of incarceration of five to ten years based on his pleas of nolo contendere to charges of aggravated assault, manufacture/sale/delivery or possession of a controlled substance with the intent to deliver, and persons not to possess firearms. Hackett had a minimum sentence date of October 8, 2014, and a maximum sentence date of October 8, 2019. Certified Record (C.R.) at 1-2. On July 15, 2014, the Board issued an order constructively paroling[1] Hackett, and he was released on parole on October 31, 2014, to a federal detainer sentence. C.R. at 6, 7.

On April 22, 2016, Hackett was arrested in Chester County on twelve counts of new drug charges and four counts of the criminal use of a communication facility, and did not post bail. C.R. at 11-21. The Board issued a warrant to detain Hackett the same day. C.R. at 22. On July 5, 2016, Hackett pleaded guilty to four

---

[1] As this Court has explained:

> A prisoner on constructive parole is paroled from his original sentence to immediately begin serving a new sentence. *See Merritt v. Pennsylvania Board of Probation and Parole*, [574 A.2d 597, 598 (Pa. 1990)]; *Hines v. Pennsylvania Board of Probation and Parole*, [420 A.2d 381, 383 (Pa. 1980)]. Where an individual has been constructively paroled, "he is nonetheless 'at liberty' from the original sentence from the time he begins to serve the new sentence." *Bowman v. Pennsylvania Board of Probation and Parole*, 709 A.2d 945, 948 (Pa. Cmwlth.[), *appeal denied*, 727 A.2d 1123 (Pa. 1998)]. Under [Section 6138(a)(2) of the Prisons and Parole Code,] 61 Pa. C.S. §6138(a)(2), a parolee's time under constructive parole is forfeited upon his recommitment as a convicted parole violator. *Bowman*, 709 A.2d at 948.

*Spruill v. Pennsylvania Board of Probation and Parole*, 158 A.3d 727, 730 (Pa. Cmwlth. 2017) (footnote omitted).

of the drug charges that were graded as felonies[2] and he was sentenced to a one- to two-year sentence, and a twenty-four month probationary period, on his new charges.  C.R. at 34-41, 45.

Based on his new criminal convictions, Hackett waived his right to counsel and a detention hearing on August 10, 2016, and admitted that he was convicted of the new drug charges.  C.R. at 51-52.[3]  As a result, by decision mailed October 5, 2016, the Board recommitted Hackett as a convicted parole violator to serve twenty-four months' backtime.[4]  C.R. at 56, 61.  The Board denied Hackett credit for the time he spent at liberty on parole between October 31, 2014, and

---

[2] Hackett pleaded guilty to violating Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act), Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780-113(a)(30), by delivering cocaine to an undercover criminal investigator.  C.R. at 15-16, 37-38. Section 13(f)(1.1) of the Drug Act states, in relevant part, "Any person who violates clause . . . (30) of subsection (a)  with respect to . . . coca leaves and any salt, compound, derivative or preparation of coca leaves . . . is guilty of a felony and upon conviction thereof shall be sentenced to imprisonment not exceeding ten years . . . ."  35 P.S. §780-113(f)(1.1).

[3] The forms signed by Hackett on that date advised him of his right to counsel at a hearing before the Board and his right to appointed counsel if he cannot afford counsel of his choice.  C.R. at 51.

[4] This Court has previously defined the term backtime as:

> [T]hat part of an *existing* judicially-imposed sentence which the Board directs a parolee to complete following a finding after a *civil* administrative hearing that the parolee violated the terms and conditions of parole, which time must be served before the parolee may again be eligible to be considered for a grant of parole.

*Krantz v. Pennsylvania Board of Probation and Parole,* 483 A.2d 1044, 1047 (Pa. Cmwlth. 1984) (emphasis in original).  With respect to Drug Act violations, Section 75.2 of the Board's regulations provides that the presumptive backtime range for felonies such as those committed by Hackett is eighteen to twenty-four months.  37 Pa. Code §75.2.

September 19, 2016,[5] and recalculated his parole violation maximum date to August 27, 2021. C.R. at 61-62, 63.

On October 17, 2016, Hackett filed a timely *pro se* Administrative Appeal and Petition for Administrative Review. C.R. at 66-69. In his appeal, Hackett claimed: (1) the Board erred in imposing twenty-four months' backtime because the amount applicable to his new convictions is six to twelve months; (2) the original five- to ten-year sentence, from October 8, 2014, to October 8, 2019, that was imposed by the sentencing judge cannot be altered; (3) the Board erred in calculating his maximum violation date to be August 27, 2021, which impermissibly alters the foregoing judicially-imposed sentence; (4) the Board erred in failing to grant him credit from the date of his constructive parole, October 31, 2014; (5) the Board erred in failing to grant him credit for the time he served on another sentence, from October 31, 2014, to October 8, 2015, and for the period of October 8, 2015, to September 19, 2016; and (6) the alteration of the judicially-imposed sentence violates the law and his constitutional double jeopardy rights. *Id.*[6]

On October 3, 2017, the Board's appeal panel denied Hackett's request. C.R. at 93-94. Initially, the Board explained that the decision to recommit Hackett as a convicted parole violator "gave the Board statutory authority to recalculate your sentence to reflect that you received no credit for the period you were at liberty on

---

[5] Specifically, the Board noted, "New arrest [within] 7 mos. of release from federal detention. Rec[eive] no credit for street time." C.R. at 60.

[6] Following his initial Petition for Administrative Review, Hackett submitted other items of correspondence to the Board after his initial appeal that contained additional legal argument. C.R. at 70-89. However, the Board's regulations provide that second or subsequent requests for administrative relief will not be received. *See* 37 Pa. Code §73.1(b)(3) ("Second or subsequent petitions for administrative review and petitions for administrative review which are out of time under this part will not be received.").

parole" under Section 6138(a)(2) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §6138(a)(2), and "[t]he Board advised [him] of this potential penalty on the parole conditions [that he] signed on October 31, 2014." C.R. at 93. The Board also stated that "the ability to challenge the recalculation decision after it is imposed satisfies [Hackett's] due process rights" so that the "recalculation of [his] maximum sentence date did not violate any constitutional provisions. *Young v. Commonwealth*, 409 A.2d 843 (Pa. 1979)." *Id.*

Regarding the recalculation of Hackett's maximum violation date, the Board stated that he was paroled on October 31, 2014, with a maximum date of October 8, 2019, so that he "had a total of 1803 days remaining on [his] sentence at the time of parole." C.R. at 93. The Board also explained that pursuant to Section 6138(a)(2) of the Parole Code, it did not grant Hackett credit for the time at liberty on parole so he still had 1803 days remaining on his original sentence based on his recommitment as a convicted parole violator. *Id.*

The Board further explained that it "did not give [Hackett] any credit for the period [that he was] incarcerated from April 22, 2016, to July 5, 2016, because [he] was confined on both the Board detainer and the new criminal charges during that period. *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980)." C.R. at 94. Additionally, "the Board did not give [him] credit on [his] original sentence for the period [that he was] incarcerated from July 5, 2016, to September 19, 2016, because the Board had not yet recommitted [him] as a convicted parole violator." *Id.* Further, while Section 6138(a)(5) of the Parole Code provides that parole violators who receive another state sentence must serve the original sentence first, "that provision does not take effect until the parolee is recommitted as a convicted parole violator," and Hackett "did not become available to commence

5

service of [his] original sentence until September 19, 2016, because that is when the Board voted to recommit [him] as a convicted parole violator. *Campbell v. Pennsylvania Board of Probation and Parole*, 409 A.2d 980 [(Pa. Cmwlth. 1980)[7]]." *Id.* "Adding 1803 days to that date yields a new maximum sentence date of August 27, 2021." *Id.* As a result, the Board found no grounds to grant administrative relief and affirmed its October 5, 2016 decision recommitting Hackett as a convicted parole violator and setting his new violation maximum date as August 27, 2021. *Id.*

On October 30, 2017, Hackett filed a *pro se* petition for review in this Court asserting:

> The [Board] do[es] not have judicial power to alter or change the sentencing Judge's original sentence. [Section] 6138(a)(2) [of the Parole Code] interferes with the Judge's imposed sentence. [The] Legislature writes [the] law, [it] cannot impose [the] law, the judiciary imposes [the] law. Under [Section 5505 of the Judicial Code, 42 Pa. C.S. §5505], I, petitioner, have Insurance Protection that after 30 days from when [the] sentence is commenced, the judgment of the sentence is final. Therefore, my 1 to 2 [year] sentence is maxed out on April 22, 2018, as well as the 24 [month] violation hit which is, and was, unconstitutional.

Petition for Review ¶3.

This Court appointed Counsel to represent Hackett in his appeal. Thereafter, Counsel filed an application to withdraw as counsel along with an

---

[7] *See* Section 71.4(7) of the Board's regulations, 37 Pa. Code §71.4(7) ("If the hearing is conducted by an examiner, the examiner shall file a report with the other panel member for decision."); *Jewell v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 30 C.D. 2014, filed December 4, 2014), slip op. at 7 ("[T]he record reveals that the Board's hearing examiner completed his report on July 18, 2012, recommending that Jewell be recommitted as a convicted parole violator to serve fifteen months backtime, but the report was not signed by a Board member until July 31, 2012. [C.R. at 88]. Hence, Jewell was not available to begin serving his backtime until this date.").

*Anders*[8] brief based on his belief that Hackett's appeal is without merit. This matter is now before us for disposition.

## II. Application to Withdraw

Counsel seeking to withdraw as appointed counsel must conduct a zealous review of the case and submit a no-merit letter to this Court detailing the nature and extent of counsel's diligent review of the case, listing the issues the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.[9] *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 24-26 (Pa. Cmwlth. 2009); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). The no-merit letter must include "'substantial reasons for concluding that a petitioner's arguments are meritless.'" *Zerby*, 964 A.2d at 962 (quoting *Jefferson v. Pennsylvania Board of Probation and Parole*, 705 A.2d 513, 514 (Pa. Cmwlth. 1998)).

In addition, court-appointed counsel who seeks to withdraw his or her representation must: (1) notify the petitioner of the request to withdraw; (2) furnish the petitioner with a copy of a brief or no-merit letter; and (3) advise the petitioner of his right to retain new counsel or raise any new points that he might deem worthy

---

[8] *Anders v. California*, 386 U.S. 738 (1967).

[9] Where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit an *Anders* brief that (i) provides a summary of the procedural history and facts, with citations to the record; (ii) refers to anything in the record that counsel believes arguably supports the appeal; (iii) sets forth counsel's conclusion that the appeal is frivolous; and (iv) states counsel's reasons for concluding that the appeal is frivolous. *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19 (Pa. Cmwlth. 2009). Where, as here, the petitioner has only a statutory, rather than a constitutional, right to counsel, appointed counsel may submit a no-merit letter instead of an *Anders* brief. *Hughes*, 977 A.2d at 25-26.

of consideration. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 22. If counsel satisfies these technical requirements, this Court must then conduct an independent review of the merits of the case. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 25. If this Court determines the petitioner's claims are without merit, counsel will be permitted to withdraw, and the petitioner will be denied relief. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 27.

Upon review, Counsel's *Anders* brief[10] satisfies the technical requirements of *Turner*. The brief sets forth the procedural history of the case, reflecting his review of the record. Counsel states that he conducted a conscientious and thorough review of the record, applicable statutes and case law. He sets forth the issues Hackett raised in his administrative appeal, provides a thorough analysis as to why the case lacks merit, and he cites applicable statutes, regulations and case law in support.

Based on his review, Counsel concludes that Hackett's appeal to this Court is without merit, and he requests permission to withdraw. Counsel provided Hackett with a copy of the *Anders* brief and his request to withdraw. Counsel advised Hackett of his right to retain new counsel or proceed by representing himself.[11] As we are satisfied that Counsel has discharged his responsibility in complying with the technical requirements to withdraw from representation, we will

---

[10] Where appointed counsel files an *Anders* brief when a no-merit letter would have sufficed, we will accept an *Anders* brief in lieu of a no-merit letter provided it complies with the substantive requirements of a *Turner* no-merit letter. *Seilhamer v. Pennsylvania Board of Probation and Parole*, 996 A.2d 40, 43 (Pa. Cmwlth. 2010).

[11] Hackett did not retain new counsel, but filed a *pro se* brief in support of his petition for review. By June 13, 2018 order, the untimely brief that lacked proof of service was stricken.

8

conduct an independent review of whether Hackett's petition for review lacks merit.[12]

### III. Independent Review

### A.

Hackett first claims that the Board erred in imposing twenty-four months' backtime because the amount applicable to his new convictions is six to twelve months. However, as outlined above, Hackett pleaded guilty to four counts of violating Section 13(a)(30) of the Drug Act by delivering cocaine to an undercover criminal investigator, and Section 13(f)(1.1) of the Drug Act states that this crime is a felony punishable by "imprisonment not exceeding ten years . . . ." 35 P.S. §780-113(f)(1.1). Pursuant to Section 75.2 of the Board's regulations, the presumptive backtime range for felonies such as those committed by Hackett is eighteen to twenty-four months. 37 Pa. Code §75.2. Moreover, "[t]his court will not review the Board's exercise of discretion in imposing backtime for parole violations where the violations are supported by substantial evidence and the backtime imposed is within the published presumptive ranges for those violations. *Chapman v. Pennsylvania Board of Probation and Parole*, [484 A.2d 413 (Pa. Cmwlth. 1984)]." *Lotz v. Pennsylvania Board of Probation and Parole*, 548 A.2d 1295, 1296 (Pa. Cmwlth. 1988). Accordingly, Hackett's claim that the Board erred in imposing twenty-four months backtime is meritless.

---

[12] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013), *appeal denied*, 87 A.3d 322 (Pa. 2014).

**B.**

Hackett next claims that the Board could not alter the original five- to ten-year sentence, from October 8, 2009, to October 8, 2019, imposed by the sentencing judge, and that the alteration of the judicially-imposed sentence violates his constitutional and statutory rights. It is clear that this argument rests entirely on Hackett's mistaken belief that the maximum *date* of his sentence, rather than the maximum *length* of his sentence, is controlling for purposes of recalculating his parole violation maximum date.

Section 6138(a)(1) of the Code provides that any parolee who, during the period of parole, commits a crime punishable by imprisonment and is convicted or found guilty of that crime may be recommitted as a convicted parole violator. 61 Pa. C.S. §6138(a)(1).

Section 6138(a)(2) of the Code states:

> If the parolee's recommitment is so ordered, *the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted* and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

61 Pa. C.S. §6138(a)(2) (emphasis added).

Thus, if the parolee is recommitted as a convicted parole violator, he must serve the remainder of the term that he would have been compelled to serve had parole not been granted, with no time for liberty on parole, unless the Board, in the exercise of its sole discretion, chooses to award credit. *Hughes v. Pennsylvania Board of Probation and Parole,* 179 A.3d 117, 120 (Pa. Cmwlth. 2018). If a new sentence is imposed, the parolee must serve the balance of the original sentence prior

10

to, or subsequent to, the commencement of the new term. Section 6138(a)(5) of the Code, 61 Pa. C.S. §6138(a)(5).

When Hackett was constructively paroled on October 31, 2014, 1,803 days remained on his original sentence. C.R. at 63. He was recommitted as a convicted parole violator and returned to the Board's custody on September 19, 2016. The Board's recommitment order properly added the remainder of his original sentence, 1,803 days, to the date of his return to the Board's custody. When the Board imposed backtime, the Board *did not impose an additional sentence* on Hackett but, rather, directed Hackett to complete the original judicially-mandated sentence. *Hughes*; *Epps v. Pennsylvania Board of Probation and Parole*, 565 A.2d 214, 217 (Pa. Cmwlth. 1989). *See also Gundy v. Pennsylvania Board of Probation and Parole*, 478 A.2d 139, 141 (Pa. Cmwlth. 1984) (noting that the Board's action in recommitting a parolee "had no effect" upon the parolee's judicially-imposed sentence). Accordingly, Hackett's argument that the Board erred in extending his new maximum parole date beyond the maximum date of his original sentence is meritless.

## C.

For the same reasons, Hackett's double jeopardy claim is also without merit. As this Court has explained:

> It is now clear that the Board's parole revocation proceedings are not part of a criminal prosecution but rather basically administrative proceedings to which the principles of administrative due process and administrative law apply. *Morrissey v. Brewer*, 408 U.S. 471 [(1972)]. If the Fifth Amendment does not preclude the State from imposing both criminal and non-criminal sanctions upon a defendant for the same conduct, we see

11

no reason to extend the protection against double jeopardy to administrative proceedings of the Board as petitioner would have us do. Petitioner has cited no case law which would support such an extension and indeed all available case law supports the Board's position. *See Hughes v. Pennsylvania Board of Probation and Parole*, [473 A.2d 225 (Pa. Cmwlth. 1984)].

We further note that the Board's action in recommitting petitioner as a technical and convicted violator had no effect upon petitioner's judicially-imposed sentence. If petitioner was to present a valid double jeopardy claim, it is that sentence with which petitioner must contend. The Board's imposition of backtime was not the imposition of a new sentence but merely the directed completion of the original judicially-imposed sentence. The sentence imposed for a criminal offense is the maximum sentence and the minimum sentence merely sets the date prior to which a prisoner may not be paroled. *McClure* [*v. Pennsylvania Board of Probation and Parole*, 461 A.2d 645 (Pa. Cmwlth. 1983)]. As that sentence was not altered by the Board's action, petitioner's double jeopardy based upon the Fifth Amendment must fail.

*Gundy*, 478 A.2d at 141 (emphasis in original and footnote omitted). Accordingly, Hackett's argument that the Board's recommitment violated his constitutional or statutory rights is meritless.

### D.

Hackett also claims that the Board erred in failing to grant him credit from the date of his constructive parole, October 31, 2014, and in failing to grant him credit for the time that he served on another sentence, from October 31, 2014, to October 8, 2015. However, "a convicted parole violator is not entitled to credit for time spent on constructive parole from his sentence while continuing to serve another concurrent sentence because he is not serving the time on his sentence from which he was paroled." *Spruill*, 158 A.3d at 731. Because Hackett could not serve

12

his original state sentence while simultaneously being at liberty from it, his time served on the federal sentence cannot be credited toward that state sentence.

Finally, Hackett claims that the Board erred in failing to grant him credit for the period of October 8, 2015, to September 19, 2016. With respect to his street time, from October 8, 2015, to the date of his arrest on the new drug charges, April 22, 2016, Section 6138(a)(2) of the Parole Code specifically provides that Hackett "shall be reentered to serve the remainder of the term which [he] would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole." 61 Pa. C.S. §6138(a)(2).[13]

With respect to the period from April 22, 2016, to September 19, 2016, the record demonstrates that Hackett did not post bail on the new drug charges and the Board did not revoke his parole until September 19, 2016. As a result, the Board properly allocated credit for this period to Hackett's new sentence. *See Mangone v. Pennsylvania Board of Probation and Parole*, 553 A.2d 91, 93 (Pa. Cmwlth. 1988), *appeal denied*, 561 A.2d 743 (Pa. 1989) (because the parolee did not satisfy the bail requirements on his new criminal charges, the time from the filing of the Board warrant to the date of the revocation hearing was properly allocated to his new sentence, citing *Gaito* and *Laguines v. Pennsylvania Board of Probation and Parole*, 524 A.2d 541 (Pa. Cmwlth. 1987)). Accordingly, we agree with Counsel that the

---

[13] Hackett does not raise any issue implicating the Board's discretion regarding credit under Section 6138(a)(2.1) of the Parole Code, 61 Pa. C.S. §6138(a)(2.1). We note that the Board appears to have satisfied the requirements of *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d, 466, 474-75 (Pa. 2017), by stating on the Hearing Examiner's report, "New arrest [within] 7 mos. of release from federal detention. Rec[eive] no credit for street time." C.R. at 60.

13

Board properly dismissed Hackett's Petitions for Administrative Review and any argument to the contrary would be without merit.

## IV. Conclusion

Upon review, we agree with Counsel that Hackett's claims regarding the dismissal of his Petition for Administrative Review are without merit. Accordingly, we grant Counsel's application for leave to withdraw as counsel, and we affirm the order of the Board dismissing Hackett's petition.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory M. Hackett, Jr.,        :
                               :
                  Petitioner   :
                               :
                  v.         : No. 1578 C.D. 2017
                               :
Pennsylvania Board of Probation  :
and Parole,                :
                               :
              Respondent  :

# **O R D E R**

AND NOW, this 6th day of September, 2018, David Crowley, Esquire's application to withdraw as counsel is GRANTED, and the order of the Pennsylvania Board of Probation and Parole, dated October 3, 2017, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge